**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 6 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

LUCIANO ACUNA-DIAZ,

      Defendant-Appellant.

No. 97-2138
(D.C. No. CIV 96-1343 SC/WWD)
(District of New Mexico)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **EBEL** and **MURPHY**, Circuit Judges.

Luciano Acuna-Diaz pleaded guilty to one count of reentering the United States after having been deported in violation of 8 U.S.C. § 1326. (R. 5 at 1.) He was sentenced to forty-six months of imprisonment. (Id.) In addition, the United States moved for the revocation of the term of supervised release Acuna-Diaz was serving as a result of a 1991 violation. (Id.) The supervised release was revoked

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, *res judicata*, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

and Acuna-Diaz was sentenced to ten months of imprisonment, to be served consecutively to the forty-six month sentence. (Id.) Both sentences were affirmed. See United States v. Acuna-Diaz, Nos. 95-2101 & 95-2134, 1996 WL 282262 (10th Cir. May 29, 1996) (unpublished).

In this motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, Acuna-Diaz argues that by having his supervised release revoked, the government breached a plea agreement provision promising not to bring "additional charges" on information in its possession at the time of the plea. He also argues that his counsel was ineffective for failing to alert the court to the government's breach and for failing to negotiate a plea agreement which provided for the imposition of concurrent sentences.[1] The district court dismissed his § 2255 motion and declined to issue a certificate of appealability. (R. 10, R. 13.) In order for this court to issue a certificate, Acuna-Diaz must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West Supp. 1997).

The revocation of Acuna-Diaz's supervised release was a continuation of the original 1991 criminal action, not a separate proceeding. See Acuna-Diaz,

---

[1] On appeal, Acuna-Baez also argues that his counsel was ineffective for failing to investigate his criminal history in order to advise him of the sentence he faced. This contention was not raised in the district court, and we will not address it for the first time on appeal. See Sac & Fox Nation v. Hanson, 47 F.3d 1061, 1063 (10th Cir. 1995).

1996 WL 282262, at *2; see also United States v. Amer, 110 F.3d 873, 884 (2d Cir.), cert. denied, 118 S. Ct. 258 (1997).  Thus, the revocation did not constitute "additional charges," the plea agreement was not breached, and Acuna-Diaz's counsel cannot be considered ineffective for failing to make a meritless argument, see Strickland v. Washington, 466 U.S. 668, 688, 694 (1984).  Further, as we stated in Acuna-Diaz's direct appeal, the Guidelines mandate consecutive sentences under these circumstances.  See Acuna-Diaz, 1996 WL 282262, at *2.  Acuna-Diaz's counsel cannot be faulted for failing to negotiate an illegal sentence.

Acuna-Diaz has failed to make a substantial showing of the denial of a constitutional right.  See 28 U.S.C. § 2253(c)(2).  Consequently, his request for a certificate of appealability is DENIED and his appeal is DISMISSED.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge