**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 21, 2005**

Charles R. Fulbruge III
Clerk

REVISED JUNE 24, 2005

UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

No. 04-10852
No. 04-10942

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN MANUEL VALDEZ-SANCHEZ,

Defendant-Appellant.

and

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HERIBERTO RENDON-SAUCEDA, also known as Alredo Mata-Pena,

Defendant-Appellant.

Appeals from the United States District Court
for the Northern District of Texas

Before KING, Chief Judge, BARKSDALE and STEWART, Circuit Judges.

RHESA HAWKINS BARKSDALE, Circuit Judge:

Juan Manuel Valdez-Sanchez appeals revocation of probation; Heriberto Rendon-Sauceda, of supervised release. Both claim the revocations violate their plea agreements for subsequent offenses,

in which the Government agreed not to bring "additional charges" as a result of the pleas. The revocations do not constitute additional charges. **AFFIRMED**.

I.

In 2000, Valdez was convicted in the Western District of Texas of illegal reentry into the United States; sentenced to five years *probation*; and deported to Mexico. One condition of his probation was that he not illegally reenter the United States.

In 2003, Rendon was convicted in the District of Utah of transporting illegal aliens; sentenced to time served and three years *supervised release*; and deported to Mexico. Like Valdez, a condition of his supervised release was that he not illegally reenter the United States.

Subsequently, Valdez and Rendon illegally reentered the United States and were prosecuted in the Northern District of Texas. In 2004, both pled guilty pursuant to written plea agreements which provide, *inter alia*, that the United States Attorney's Office for the Northern District of Texas would not bring any additional charges against Valdez or Rendon based on the conduct "underlying and related to" their 2004 guilty pleas to illegal reentry.

Concomitantly, the Western District of Texas transferred Valdez's 2000 (first) illegal-reentry case to the Northern District of Texas; the District of Utah did the same for Rendon's 2003 transporting-illegal-aliens case. A probation officer in the

2

Northern District of Texas petitioned for, and received, warrants for Valdez and Rendon for violating the conditions of their release for their 2000 and 2003 convictions by their subsequent illegal reentry into the United States (for which Valdez and Rendon had pled guilty, and were convicted, in the Northern District of Texas in 2004).

In mid-2004, the United States Attorney's Office for the Northern District of Texas moved to revoke Valdez's probation and Rendon's supervised release. In response, Valdez and Rendon moved to dismiss the revocation proceedings, relying on, and seeking specific performance of, their 2004 plea agreements. In so doing, they relied upon the provision which barred the Government from bringing "any additional charges against [the defendant] based upon the conduct underlying and related to [his] plea of guilty". Valdez and Rendon claimed the revocation motions constituted such additional charges. The district court summarily denied dismissal.

At their revocation hearings, Valdez and Rendon admitted the allegations that they had violated the conditions of their release by illegally reentering the United States. The district court revoked Valdez's probation and Rendon's supervised release and sentenced them to 12 and 24-months imprisonment, respectively, to run consecutively to their 2004 sentences for illegal reentry. (Rendon's revocation-sentence was later reduced to 12 months imprisonment.)

3

The sole issue at hand is whether the Government's motions to revoke constitute additional charges, violative of the plea agreements. "We review *de novo* the legal question of whether the government's conduct violates the terms of [a] plea agreement ...." ***United States v. Solis***, 299 F.3d 420, 434 (5th Cir.) (citation omitted), *cert. denied*, 537 U.S. 1060 (2002), *and cert. denied*, 537 U.S. 1094 (2002). Valdez and Rendon contend the revocation motions are based on the same conduct that formed the basis of their 2004 illegal reentry guilty pleas and convictions. The Government counters: it did not bring such additional charges — the revocation proceedings were merely extensions of the original charges in the earlier cases.

Valdez and Rendon rely on ***United States v. Brown***, 656 F.2d 1204, 1206, 1208 (5th Cir. 1981), *cert. denied*, 454 U.S. 1156 (1982), in support of their contention that revocation allegations are "charges". ***Brown***, however, simply refers, without discussion, to revocation allegations as charges and uses the terms "allegations", "grounds", and "charges" interchangeably. ***Id.*** at 1205-08.

Valdez and Rendon also rely on ***United States v. Cartwright***, 696 F.2d 344 (5th Cir. 1983). They claim its holding supports the contention that, because violating a condition of release is a crime punishable on its own, it qualifies as a "charge".

4

*Cartwright*, however, held "the willful breach of a court order imposing a condition of release *pending appeal* constitutes a contempt of court". 696 F.2d at 349 (internal quotation and citation omitted; emphasis added). It was the contempt in that case, rather than violation of a condition of release, that was a separate crime "punishable by fine or imprisonment or both". *Id.*

Supervised release, and by extension, probation, are components of the original sentences. *See **United States v. Gonzalez***, 250 F.3d 923, 928 (5th Cir. 2001) (supervised release is a component of defendant's total sentence); ***United States v. Benbrook***, 119 F.3d 338, 341 n.10 (5th Cir. 1997) (holding defendant had no expectation of finality in drug sentence because he had not begun to serve supervised release, which was part of his sentence). Because supervised release and probation are part of Valdez and Rendon's original sentences, revocation is *not* a separate charge, but rather a continuation of the original charge. Along this line, the Tenth Circuit, in an unpublished opinion, held that revocation of supervised release did *not* constitute additional charges as contemplated by the non-prosecution clause of the plea agreement in issue. ***United States v. Acuna-Diaz***, 139 F.3d 913, 1998 WL 47220, at *1 (10th Cir. 6 Feb. 1998) (unpublished table decision). It reasoned that the revocations were a continuation of the original criminal action and *not* a separate proceeding. *Id.* *See also*

*United States v. Amer*, 110 F.3d 873, 884 (2d Cir.), *cert. denied*, 522 U.S. 904 (1997).

III.

For the foregoing reasons, the judgments are

**AFFIRMED.**