**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 07-5141**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

RICHARD DALTON CRAWFORD, a/k/a Rich,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Martin K. Reidinger, District Judge. (3:94-cr-00126-MR-4)

---

Submitted: July 2, 2008        Decided: August 18, 2008

---

Before MOTZ and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

D. Baker McIntyre, III, Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Adam Morris, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard Dalton Crawford appeals the district court's judgment revoking his supervised release and sentencing him to eighteen months' imprisonment followed by a three-year term of supervised release. On appeal, Crawford challenges the revocation, maintaining the district court violated his rights in admitting certain exhibits through the probation officer at the revocation of supervised release hearing. We affirm.

This court reviews the district court's revocation of supervised release for abuse of discretion. United States v. Pregent, 190 F.3d 279, 282 (4th Cir. 1999). The district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C.A. § 3583(e)(3) (West 2000 & Supp. 2008). We review for clear error factual determinations underlying the conclusion that a violation occurred. United States v. Carothers, 337 F.3d 1017, 1019 (8th Cir. 2003); United States v. Whalen, 82 F.3d 528, 532 (1st Cir. 1996).

Crawford, relying on Crawford v. Washington, 541 U.S. 36 (2004), asserts that his constitutional rights under the Sixth Amendment Confrontation Clause and under the Fifth Amendment were violated at his supervised release hearing. Because Crawford preserved this issue by objecting below, this court's review is de novo. United States v. Mackins, 315 F.3d 399, 405 (4th Cir. 2003). When a defendant preserves a constitutional error, we "must reverse

unless [it] find[s] this constitutional error harmless beyond a reasonable doubt, with the Government bearing the burden of proving harmlessness." Id. (citations omitted); see United States v. White, 405 F.3d 208, 223 (4th Cir.) (discussing difference in burden of proving that error affected substantial rights under harmless error standard in Fed. R. Crim. P. 52(a), and plain error standard in Fed. R. Crim. P. 52(b)), cert. denied, 126 S. Ct. 668 (2005).

We find no constitutional error under Crawford. In Crawford, the Supreme Court held that the Sixth Amendment's Confrontation Clause does not permit the introduction of out-of-court testimonial evidence unless the witness is unavailable and the defendant has had a prior opportunity for cross-examination. 541 U.S. at 68. Crawford asserts that, under this ruling, he was entitled to confront the witnesses against him at the supervised release hearing. He contends that the rule of Crawford applies to supervised release revocation hearings because, unlike parole and probation revocation, a supervised release revocation hearing is a new prosecution that ends in a new punishment. But see Johnson v. United States, 529 U.S. 694, 700-01 (2000) (penalties imposed upon revocation of supervised release are attributable to the original conviction, not a punishment for a new offense).

The Crawford holding does not apply to supervised release revocations because they are not "criminal prosecutions" under the

-3-

Sixth Amendment.  See United States v. Kelley, 446 F.3d 688, 691-92 (7th Cir. 2006); United States v. Rondeau, 430 F.3d 44, 47-48 (1st Cir. 2005); United States v. Hall, 419 F.3d 980, 985-86 (9th Cir. 2005); United States v. Kirby, 418 F.3d 621, 627-28 (6th Cir. 2005); United States v. Aspinall, 389 F.3d 332, 342-43 (2d Cir. 2004), abrogated on other grounds as recognized in United States v. Fleming, 397 F.3d 95, 99 n.5 (2d Cir. 2005); United States v. Martin, 382 F.3d 840, 844 n.4 (8th Cir. 2004); cf. Ash v. Reilly, 431 F.3d 826, 829-30 (D.C. Cir. 2005) (holding Crawford does not apply to parole revocations).

Next, Crawford argues the court's admission of hearsay evidence, the exhibits admitted through the probation officer, violated his rights to due process.  As a threshold matter, to the extent this claim does not rely on Crawford, we find that Crawford's objections to the evidence below on the ground that its admission violated his right to confrontation sufficiently preserved his due process argument on appeal.  Accordingly, the district court's decision to admit hearsay evidence is reviewed for abuse of discretion.  See United States v. Mohr, 318 F.3d 613, 618 (4th Cir. 2003).

Supervised release revocation hearings are informal proceedings in which the rules of evidence need not be strictly observed.  Fed. R. Evid. 1101(d)(3).  While the Federal Rules of Evidence regarding hearsay do not apply at a supervised release

revocation hearing, a defendant is still afforded some confrontation rights in a revocation proceeding. In <u>Morrissey v. Brewer</u>, 408 U.S. 471, 484 (1972), the Supreme Court held that a defendant must receive a fair and meaningful opportunity to refute or impeach evidence against him "to assure that the findings of a parole violation will be based on verified facts." Among the defendant's rights in a parole-revocation context is "the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation)." <u>Id.</u> at 489; <u>see</u> <u>also</u> <u>Gagnon v. Scarpelli</u>, 411 U.S. 778, 782 (1973) (extending <u>Morrissey</u> rights to probationers). The due process requirements recognized in <u>Morrissey</u> are incorporated in Fed. R. Crim. P. 32.1(a)(2), which is applicable to supervised release revocation proceedings.

We have held that a showing that the hearsay evidence is "demonstrably reliable" is sufficient to satisfy the requirements of Rule 32.1. <u>United States v. McCallum</u>, 677 F.2d 1024, 1026 (4th Cir. 1982). We have reviewed the parties' briefs and the materials submitted in the joint appendix, particularly the transcript of the hearing and the documents introduced at trial through the probation officer. We conclude that the hearsay evidence was sufficiently reliable and therefore the court did not abuse its discretion in admitting the evidence.

This court will affirm a sentence imposed after revocation of supervised release if it is within the applicable statutory maximum and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437, 439-40 (4th Cir. 2006), cert. denied, 127 S. Ct. 1813 (2007). Crawford does not challenge the sentence imposed by the district court upon revocation of supervised release and, therefore, he has waived that issue.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED