**UNITED STATES of America**

v.

**Lawrence Ortiz HAWKINS.**

**Criminal No. 1:00cr360.**

United States District Court,
E.D. Virginia,
Alexandria Division.

Dec. 14, 2009.

Morris R. Parker, Jr., U.S. Attorneys, Alexandria, VA, for Plaintiff.

Christopher Bryan Amolsch, Law Office of Christopher Amolsch, Robert Lee Jenkins, Jr., Bynum & Jenkins PLLC, Dale Warren Dover, Thomas Crane Carter, Carter & Kramer PC, Jeffrey Daniel Zimmerman, David Albert Damiani, Damiani & Damiani, P.C., Jerome P. Aquino, David Joseph Kiyonaga, Alexandria, VA, Mark John Petrovich, Martin, Arif, Petrovich & Walsh, Springfield, VA, Paul P. Vangellow, Falls Church, VA, William Hunter Old, Cohen Gettings & Caulkins PC, Arlington, VA, for Defendants.

### MEMORANDUM OPINION

T.S. ELLIS, III, District Judge.

This supervised release violation proceeding presents the question—novel in this circuit—whether the government is barred from pursuing a supervised release violation where, as here, the defendant, in a subsequent criminal case, pled guilty to the conduct on which the supervised release violation is based and the plea agreement in that subsequent case included a non-prosecution clause, namely a provision in which the government agreed that it would not further criminally prosecute defendant for the specific conduct underlying his plea agreement. While on supervised release following conviction and incarceration for an earlier drug trafficking crime, defendant committed a new drug trafficking offense to which he pled guilty pursuant to a plea agreement containing a non-prosecution clause. Defendant now claims that the non-prosecution clause bars the government from pursuing a supervised release violation based on the new drug trafficking crime.

For the reasons that follow, defendant's claim fails; the supervised release violation is not a further or new criminal prosecution. Put differently, a non-prosecution

clause in a plea agreement does not and cannot nullify the conditions of supervised release in effect as a result of an earlier conviction and sentence.

## I.

The pertinent facts and proceedings may be succinctly summarized. On December 18, 2000, defendant Lawrence Ortiz Hawkins pled guilty to one count of conspiracy to distribute fifty (50) grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and 846. On March 2, 2001, defendant was sentenced on this offense to 121 months imprisonment, to be followed by five years of supervised release, subject to various standard and special terms and conditions of supervision. Four years after sentencing, on March 25, 2005, defendant's custody sentence was reduced to 56 months, pursuant to Rule 35, Fed.R.Crim.P., based on his substantial assistance to law enforcement authorities in the investigation and prosecution of other individuals, with all other terms and conditions of his original sentence to remain in full force and effect. *See United States v. Hawkins,* 1:00cr360 (E.D.Va. Mar. 25, 2005) (Order).

Defendant was eventually released from custody and began serving his five-year period of supervised release on February 15, 2008. Later that year, on October 4, 2008, defendant was arrested in Arlington County, Virginia on charges of Hit and Run and Driving While Intoxicated, resulting in the probation officer's filing of a petition for revocation of defendant's term of supervised release in this case. Following a supervised release violation hearing on November 21, 2008—at which defendant admitted the alleged violation—defendant's five-year term of supervised release

was revoked and he was sentenced to 20 days imprisonment, to be followed by an additional five-year period of supervised release, subject to all of the same terms and conditions imposed as part of his original term of supervision. *See United States v. Hawkins,* 1:00cr360 (E.D.Va. Nov. 21, 2008) (Order).

Following release from his 20–day custody sentence, defendant continued to engage in criminal behavior, this time reverting to the distribution of crack cocaine. Thus, on April 3, 2009, defendant was charged in a federal criminal complaint with conspiring to distribute 50 grams or more of crack cocaine in the Eastern District of Virginia, in violation of 21 U.S.C. § 841(a)(1) and 846. *See United States v. Hawkins,* 1:09cr200 (E.D.Va. Apr. 3, 2009) (Complaint). Defendant was arrested and detained on this criminal complaint on April 6, 2009. A federal indictment was later returned in that matter on April 30, 2009, and the case was randomly assigned to United States District Judge Gerald Bruce Lee. *See United States v. Hawkins,* 1:09cr200 (E.D.Va. Apr. 30, 2009) (Indictment).[1] Defendant eventually pled guilty to the drug conspiracy charged in 1:09cr200 pursuant to a written plea agreement and he was later sentenced on that offense to 240 months imprisonment, to be followed by ten years of supervised release. *See United States v. Hawkins,* 1:09cr200 (E.D.Va. Aug. 26, 2009) (Judgment).

Not surprisingly, defendant's drug distribution activities forming the basis of his plea in 1:09cr200 also led to additional supervised release violation proceedings in this case. Specifically, on April 8, 2009— two days after defendant was arrested on the criminal complaint in 1:09cr200—the

---

1. The government also filed an additional criminal information in that case notifying defendant that he was subject to enhanced penalties under 21 U.S.C. § 851 as a result of

a prior state court drug conviction, namely a November 30, 1995 guilty plea in the Circuit Court for Arlington County for distribution of a controlled substance.

probation officer filed a petition in this matter alleging that defendant had again violated the terms and conditions of his period of supervised release by committing another federal, state, or local crime, namely conspiring to distribute 50 grams or more of crack cocaine in the Eastern District of Virginia, in violation of 21 U.S.C. § 841(a)(1) and 846. A hearing on the supervised release violation petition was held on September 25, 2009, following defendant's plea and sentencing in 1:09cr200. In the course of the hearing, defendant argued that the government's pursuit of the instant supervised release violation proceeding in 1:00cr360 violated the provision of his plea agreement in 1:09cr200 in which the government agreed that it would not "further criminally prosecute the defendant in the Eastern District of Virginia for the specific conduct described in the Criminal Indictment or statement of facts" in that case. *United States v. Hawkins*, 1:09cr200 (E.D.Va. May 19, 2009) (Plea Agreement). Because defendant's argument in this regard raised an important issue not yet settled in this circuit, resolution of the supervised release violation petition was deferred pending the parties' submission of supplemental memoranda on the disputed issue. The parties have now submitted their supplemental briefs and the matter is thus ripe for disposition.

## II.

■ The starting point in the analysis is, of course, the plain language of the plea provision at issue. Thus, paragraph 10 of defendant's plea agreement in 1:09cr200, entitled "Immunity from Further Prosecution in this District," provides, in pertinent part, as follows:

The United States will not *further criminally prosecute* the defendant in the Eastern District of Virginia for the specific conduct described in the Criminal Indictment or statement of facts....

*United States v. Hawkins*, 1:09cr200 (E.D.Va. May 19, 2009) (Plea Agreement) (emphasis added). Given this language, the precise question presented here is whether the government's pursuit of the instant supervised release violation proceeding in 1:00cr360—in which the government seeks revocation of defendant's term of supervised release and an appropriate sanction based on defendant's commission of the offense to which he pled guilty in 1:09cr200—would result in defendant being "further criminally prosecute[d]" for the specific offense conduct underlying his plea agreement in 1:09cr200.

■ It is well-settled in this and other circuits that interpretation of a disputed plea agreement provision requires application of basic contract principles. *See United States v. Holbrook*, 368 F.3d 415, 428 (4th Cir.2004) (citing *United States v. McQueen*, 108 F.3d 64, 66 (4th Cir.1997)), *vacated on other grounds*, 545 U.S. 1125, 125 S.Ct. 2934, 162 L.Ed.2d 863 (2005). Thus, the disputed provision "must be construed according to the plain meaning of its terms." *Holbrook*, 368 F.3d at 428 (citation omitted). Moreover, "any ambiguities and inconsistencies in a plea agreement" must be construed against the government. *Id.* at 429 (recognizing that "we are obliged to construe any ambiguities and inconsistencies in a plea agreement against the Government"). These principles, applied here, compel the conclusion that the government's pursuit of the instant supervised release violation proceeding would not violate the non-prosecution clause included in defendant's plea agreement in 1:09cr200.

To begin with, the phrase "further criminally prosecute" has a plain and unambiguous meaning. A standard English dictionary defines the term "prosecute" as "to institute legal proceedings against; *esp:* to accuse of some crime or breach of law or to pursue for redress or punishment of a

crime or violation of law in due legal form before a legal tribunal." *Webster's Third New International Dictionary* 1820 (1993). A standard legal dictionary similarly defines the term "prosecute" as "[t]o commence and carry out a legal action" or "[t]o institute and pursue a criminal action against (a person)." *Black's Law Dictionary* 1341 (9th Ed. 2009). Also instructive in this instance is the plain meaning of the term "prosecution," which, of course, is the noun-form of the verb "to prosecute." Thus, a "prosecution" is commonly defined, *inter alia*, as "the institution and continuance of a criminal suit involving the process of exhibiting formal charges against an offender before a legal tribunal and pursuing them to final judgment on behalf of the state or government (as by indictment or information)." *Webster's Third New International Dictionary* 1820 (1993); *see also Black's Law Dictionary* 1341 (9th Ed. 2009) (defining "prosecution" as "[t]he commencement and carrying out of any action or scheme" or "[a] criminal proceeding in which an accused person is tried"); *Black's Law Dictionary* 1385 (4th Ed. 1951) (defining "prosecution" as "a proceeding instituted and carried on by due course of law, before a competent tribunal, for the purpose of determining the guilt or innocence of a person charged with [a] crime").

All of these definitions make unmistakably clear that a "further criminal[ ] prosecut[ion]" of defendant for the specific con-

duct underlying his plea agreement in 1:09cr200, as contemplated by the non-prosecution clause, does not apply unless the government *initiates* or *commences* a proceeding against defendant charging him with a *criminal offense*. Yet here, as in all supervised release violation matters, the government has neither initiated a new proceeding against defendant, nor charged defendant with a crime. Moreover, the instant proceeding is not a commencement of a new case against defendant by way of a formal criminal complaint, information or indictment. Instead, this supervised release violation proceeding resulted from the probation officer's filing of a petition—in a case that was initiated by the government nearly ten years ago—alleging that defendant violated the terms and conditions of the period of supervised release imposed as part of his *original* sentence, specifically the standard condition that he not commit another federal, state or local crime.[2] Indeed, settled case law confirms that a supervised release violation proceeding, as involved here, is merely a continuation of the defendant's *original* conviction and sentence, not a prosecution against the defendant for a new offense. *See, e.g., United States v. Valdez–Sanchez*, 414 F.3d 539, 542 (5th Cir.2005) (recognizing that "[b]ecause supervised release and probation are part of [defendants'] original sentences, revocation is *not* a separate charge, but rather a continuation of the original charge").[3] Thus, in accordance with the plain and unambiguous meaning

---

**2.** The federal supervised release statute provides, in pertinent part, that

[t]he court, in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment....

18 U.S.C. § 3583(a). Section 3583(d) further provides that

[t]he court *shall order*, as an explicit condition of supervised release, that the defen-

dant not commit another Federal, State, or local crime during the term of supervision and that the defendant not unlawfully possess a controlled substance.

18 U.S.C. § 3583(d) (emphasis added).

**3.** It is also a well-settled principle that any sanction imposed on defendant as a result of a violation of the terms and conditions of his period of supervised release is simply part of the permissible penalties applicable to his original offense. *See Johnson v. United States*, 529 U.S. 694, 700–01, 120 S.Ct. 1795, 146

of the phrase "criminally prosecute," it is clear that the government's pursuit of the instant supervised release violation proceeding does not violate the non-prosecution clause set forth in defendant's plea agreement in 1:09cr200.

It is important to note that the conclusion reached here is also consistent with well-established analogous Supreme Court precedent. Specifically, in *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), the Supreme Court expressly recognized that "the revocation of parole is not part of a criminal prosecution." *Id.* at 480, 92 S.Ct. 2593 (noting that "[p]arole arises after the end of the criminal prosecution, including imposition of sentence"). A year later, in *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), the Supreme Court reiterated and extended this general principle to probation revocation proceedings, stating that "[p]robation revocation, like parole revocation, is not a stage of a criminal prosecution." *Id.* at 782, 93 S.Ct. 1756. Also in the context of a probation revocation proceeding, the Supreme Court has held that "[a]lthough [a] probation-violation charge might be based on the commission of a criminal offense, it does not result

in the petitioner's being 'prosecuted' or 'brought to trial' for that offense." *Carchman v. New Jersey Department of Corrections*, 473 U.S. 716, 725, 105 S.Ct. 3401, 87 L.Ed.2d 516 (1985).

Significantly, all of these general principles enunciated by the Supreme Court in the context of parole and probation revocation proceedings clearly apply also to the revocation of a defendant's term of supervised release. Indeed, there is no reason in principle or policy to distinguish between parole and probation revocation proceedings, on the one hand, and proceedings seeking a revocation of a defendant's term of supervised release, as involved here.[4] Thus, a revocation of supervised release, like a revocation of parole or probation, does not involve a defendant being "criminally prosecute[d]" for the alleged supervised release violation, regardless of whether that violation is a mere technical violation of the standard terms and conditions of supervision or where, as here, the violation constitutes a separate criminal offense, as well. *See Carchman*, 473 U.S. at 725, 105 S.Ct. 3401 (recognizing that "[a]lthough [a] probation-violation charge might be based on the commission of a criminal offense, it does not result in the

L.Ed.2d 727 (2000) (where, in the context of supervised release, the Supreme Court "attribute[d] postrevocation penalties to the original conviction"); *United States v. Meeks*, 25 F.3d 1117, 1121 (2d Cir.1994) (noting that "supervised release, like parole, is an integral part of the punishment for the underlying offense"); *United States v. Paskow*, 11 F.3d 873, 883 (9th Cir.1993) (recognizing that sanctions for violating a period of supervised release are "simply part of the whole matrix of punishment which arises out of a defendant's original crimes"). To hold otherwise would raise important constitutional questions of double jeopardy, which the Supreme Court has made clear are not implicated in the circumstances presented here. *See, e.g., Johnson*, 529 U.S. at 700, 120 S.Ct. 1795 (noting that "[t]reating postrevocation sanctions as part of the penalty for the initial

offense" avoids any double jeopardy concerns "[w]here the acts of violation are criminal in their own right, ... [and] may be the basis for separate prosecution"). Indeed, "while the same conduct might trigger revocation of supervised release and constitute a [separate federal offense], that does not mean it is the same conduct that is being punished in two such sentences." *United States v. Zamora-Vallejo*, 470 F.3d 592, 596, n. 6 (5th Cir.2006) (emphasis in original).

4. *See United States v. Moulden*, 478 F.3d 652, 656 (4th Cir.2007) (recognizing that " 'there is no reason in policy or principle to distinguish between probation revocation and supervised release revocation' ") (quoting *United States v. Davis*, 53 F.3d 638, 640 (4th Cir.1995)).

petitioner's being 'prosecuted' or 'brought to trial' for that offense" in a probation revocation proceeding).

Moreover, although the Fourth Circuit has not yet addressed this precise issue, other circuits have done so, concluding generally that the government's pursuit of a supervised release violation in one case is not barred by a non-prosecution clause contained in a defendant's plea agreement in a later case. For example, in *United States v. Garza*, 185 F.3d 870 (Table), 1999 WL 439357, at *1 (June 17, 1999), the Ninth Circuit sensibly concluded that a plea agreement's provision that a defendant would "not be further prosecuted" for conduct forming the basis of the plea agreement did not bar the government from pursuing probation revocation proceedings in an earlier case based essentially on that conduct. In so holding, the Ninth Circuit expressly recognized that "[a] probation revocation is not a stage of a criminal prosecution." *Id.* Similarly, in *United States v. Valdez–Sanchez*, 414 F.3d 539 (5th Cir.2005), two defendants claimed that the government's motions to revoke their respective terms of probation and supervised release imposed in connection with their original offenses violated the terms of their plea agreements on subsequent charges of illegal reentry, specifically the term in which the government agreed not to bring "any additional charges against [the defendants] based upon the conduct underlying and related to [their] plea[s] of guilty" to illegal reentry. *Id.* at 541. On appeal, the Fifth Circuit rejected defendants' argument in this regard, concluding that the revocations of their terms of probation and supervised release did not constitute "additional charges" within the meaning of their plea agreements. Instead, the Fifth Circuit

agreed with the government, stating that "[b]ecause supervised release and probation are part of [defendants'] original sentences, revocation is *not* a separate charge, but rather a continuation of the original charge." *Id.* at 542 (emphasis in original). Likewise, *in United States v. Acuna–Diaz*, 139 F.3d 913, 1998 WL 47220 (Feb. 6, 1998), the Tenth Circuit held that revocation of a defendant's term of supervised release in one case did not constitute an "additional charge" within the meaning of a non-prosecution clause contained in defendant's plea agreement in a later case, since revocation of supervised release is merely a continuation of defendant's original charge and not a separate prosecution. *Id.* at *1.

Significantly, just as a supervised release revocation proceeding was held not to be a "separate charge" in *Valdez–Sanchez*, or an "additional charge" in *Acuna–Diaz*, so, too, does such a proceeding not result in a defendant being "criminally prosecute[d]" for the alleged violation. Rather, because a supervised release violation proceeding is simply a continuation of the defendant's original conviction and sentence, not a "further criminal[ ] prosecut[ion]" or "stage of a criminal prosecution," the government's pursuit of the supervised release violation petition filed in this case is wholly consistent with the non-prosecution clause set forth in defendant's plea agreement in 1:09cr200. *See Gagnon*, 411 U.S. at 782, 93 S.Ct. 1756 (stating that "[p]robation revocation, like parole revocation, is not a stage of a criminal prosecution"); *see also United States v. Crawford*, 288 Fed.Appx. 903, 905 (4th Cir.2008) (recognizing that "supervised release revocations ... are not 'criminal prosecutions' under the Sixth Amendment") (citations omitted).[5]

---

**5.** Further support for the conclusion that a supervised release violation proceeding is not a "prosecution" is found in the procedural

and evidentiary rules applicable to such proceedings. For example, while prosecutions for criminal offenses are governed by the

Finally, it is worth noting that defendant's argument would have the non-prosecution clause in the 1:09cr200 plea agreement do more work than it is capable of doing. Defendant's conditions of supervised release in this case 1:00cr360 are part of his sentence as reflected in the judgment and commitment order. Defendant and the government simply do not have the power to agree in the plea agreement in 1:09cr200 to nullify these conditions. And even if the government were to decline to pursue the supervised release violation in issue, this Court can and most assuredly would do so.

### III.

In sum, then, in accordance with the plain meaning of the phrase "further criminally prosecute," and consistent with well-settled Supreme Court precedent and analogous decisions from other circuits, it is clear that the government's pursuit of the instant supervised release violation proceeding would not violate the non-prosecution clause contained in defendant's plea agreement in 1:09cr200.

An appropriate order will issue.

well-known reasonable doubt standard, supervised release violation proceedings are subject to the more lenient preponderance of the evidence standard. *See* 18 U.S.C. § 3583(e)(3). Nor do the Federal Rules of Evidence apply in supervised release violation proceedings, as they do in standard criminal prosecutions. *See* Rule 1101(d)(3), Fed. R.Evid. (providing that the Federal Rules of Evidence do not apply to "sentencing, or granting or revoking probation").