**UNITED STATES of America, Appellee**

**v.**

**Antowan THORNE, also known as Anthony Thorne, Appellant.**

**No. 08–3109.**

United States Court of Appeals, District of Columbia Circuit.

Jan. 12, 2011.

Roy W. McLeese, III, Esquire, Assistant U.S. Attorney, U.S. Attorney's Office, Washington, DC, for Appellee.

Neil H. Jaffee, Jonathan Stuart Jeffress, Assistant Federal Public Defenders, A.J. Kramer, Federal Public Defender, Office of the Federal Public Defender, Washington, DC, for Appellant.

Before: GINSBURG, TATEL, and BROWN, Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's judgment filed November 25, 2008, be affirmed. The district court's imposition of a 30–month revocation sentence of imprisonment was reasonable in view of the sentencing factors in 18 U.S.C. § 3553(a) and the policy statements in the United States Sentencing Guidelines. The

sentence was consistent with the Sixth Amendment because the court did not treat the Guidelines as mandatory. The sentence was likewise consistent with the Ex Post Facto Clause because the statutory and Guidelines provisions appellant invokes as bases for the alleged violation do not " 'impose[ ] a punishment for an act which was not punishable at the time it was committed' " or otherwise " 'impose[ ] additional punishment to that then prescribed.' " *Weaver v. Graham,* 450 U.S. 24, 28, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981) (quoting *Cummings v. Missouri,* 71 U.S. (4 Wall) 277, 325–26, 18 L.Ed. 356 (1866)). The sentence was also consistent with the Double Jeopardy Clause; it was not a new punishment but was instead part of the punishment for the original conviction. *See Johnson v. United States,* 529 U.S. 694, 699–701, 120 S.Ct. 1795, 146 L.Ed.2d 727 (2000). Finally, appellant has not demonstrated under the plain-error standard that the government, in seeking a revocation sentence, breached the plea agreement appellant entered in the District of Columbia Superior Court in a related case. *See United States v. Valdez–Sanchez,* 414 F.3d 539, 542 (5th Cir.2005).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. Rule 41.