# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 12, 2012

No. 11-40236

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee

v.

HAROLD EARL SCALLON,

Defendant–Appellant

Appeal from the United States District Court
for the Eastern District of Texas

Before REAVLEY, PRADO, and OWEN, Circuit Judges.

PER CURIAM:

This case presents the narrow question whether the denial of a defendant's motion under 18 U.S.C. § 3583(e)(2) to modify the terms of supervised release imposed as part of the original sentence falls within the scope of the defendant's waiver, as part of his plea agreement, of his right to appeal his conviction and sentence and to contest his sentence in any post-conviction proceeding. We hold that it does, and we therefore dismiss this appeal.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant–Appellant Harold Earl Scallon pleaded guilty, pursuant to a written agreement, to possession of material involving the sexual exploitation of a minor. In his plea agreement, Scallon waived his right to appeal his

## No. 11-40236

conviction and sentence "on all grounds" and to contest his sentence in "any post-conviction proceeding"; he reserved the right to appeal any punishment imposed in excess of the statutory maximum and to make a claim that ineffective assistance of counsel affected the validity of his appeal waiver. The district court sentenced Scallon to 78 months of imprisonment and to a five-year term of supervised release that included standard conditions of supervision and additional supervised release terms. Scallon timely appealed; his appointed appellate counsel was granted leave to withdraw pursuant to *Anders*; and his appeal was dismissed as frivolous. *United States v. Scallon*, No. 08-40652, 2009 WL 1675499, 326 F. App'x 814 (5th Cir. June 16, 2009).

Proceeding pro se, Scallon filed a "Verified Motion and Request of Modification of Terms of Supervised Release," pursuant to 18 U.S.C. § 3583(e)(2).[1] He asked the district court to delete or modify standard conditions 1 and 13 of his supervised release, which precluded him from leaving the judicial district without permission and required that third parties, including employers, be notified of risks associated with his criminal history. He also asked the district court to delete or modify the additional conditions of supervised release he identified as conditions 2, 3, 4, and 5. These conditions prohibited unsupervised contact with children; prohibited possessing electronic devices, such as cell phones and computers; prohibited viewing any images depicting sexually explicit conduct; and required him to submit to warrantless searches.

He argued that his sentence varied significantly from sentences imposed for similar conduct in the federal district in which he was convicted and that the additional terms of supervised release were greater than necessary to achieve the goals of 18 U.S.C. § 3553(a). Regarding the latter, he argued that recidivism was unlikely in his case. He also argued that the additional terms of his

---

[1] Section § 3583(e)(2) permits the trial court to modify a defendant's conditions of supervised release "as it sees fit." *United States v. Johnson*, 529 U.S. 53, 60 (2000).

2

No. 11-40236

supervised release were unconstitutionally vague and ambiguous. The district court denied the motion on its merits and Scallon appealed. We granted the Government's motion to dismiss the appeal based on Scallon's appeal waiver. *United States v. Scallon*, No. 09-41126 (5th Cir. May 4, 2010).

Scallon then filed a "Second Motion and Request for Modification of Sentence Including Terms and Conditions of Supervised Release," pursuant to § 3583(e)(2). In addition to challenging the same conditions of his supervised release that he had challenged in his first motion, in his second motion Scallon also challenged the first additional term of his supervised release, which required him to register as a sex offender. Scallon also made two new legal arguments: (1) that the sex offender Guidelines were unconstitutionally flawed because they were not based on empirical data and double-counted by effectively increasing a defendant's sentence to reflect the kind of harm that had already been accounted for by the base offense level or other enhancements; and (2) that the challenged conditions were an unconstitutional delegation of the district court's sentencing authority to the probation office. The Government moved to dismiss Scallon's motion based on his appeal waiver.[2] The district court denied Scallon's § 3583(e)(2) motion on the basis that it was "without merit" and denied the Government's motion as moot. Scallon timely appealed.

## II.  DISCUSSION

We have jurisdiction over Scallon's appeal under 28 U.S.C. § 1291. We review de novo whether an appeal waiver bars an appeal. *United States v. Hildenbrand*, 527 F.3d 466, 474 (5th Cir. 2008). "A defendant may waive his statutory right to appeal as part of a valid plea agreement, provided (1) his or her waiver is knowing and voluntary, and (2) the waiver applies to the circumstances at hand, based on the plain language of the agreement." *United*

---

[2] The Government also argued that Scallon's motion was procedurally barred insofar as Scallon had not raised his claims on direct review.

No. 11-40236

*States v. Jacobs*, 635 F.3d 778, 781 (5th Cir. 2011) (per curiam) (internal quotation marks omitted). "We apply ordinary principles of contract interpretation when we construe the scope of a waiver agreement, with the caveat that the text should be interpreted narrowly against the government." *United States v. Cooley*, 590 F.3d 293, 296 (5th Cir. 2009) (per curiam) (footnote omitted).

The Government contends that this appeal falls within the broad waiver of his right to appeal signed by Scallon as part of his plea agreement, and that we should therefore dismiss the appeal. As part of his plea agreement, Scallon signed a waiver that states:

> Defendant expressly waives the right to appeal the conviction and sentence in this case on all grounds. Defendant further agrees not to contest the sentence in any post-conviction proceeding, including, but not limited to a proceeding under 28 U.S.C. § 2255. Defendant, however, reserves the right to appeal the following: (a) any punishment imposed in excess of the statutory maximum and (b) a claim of ineffective assistance of counsel that affects the validity of the waiver itself.

We have never addressed whether an appeal waiver such as Scallon's bars an appeal from the denial of a defendant's motion under 18 U.S.C. § 3583(e)(2) to modify the terms of supervised release imposed as part of his original sentence, but we addressed a similar question in *United States v. Cooley*, 590 F.3d 293 (5th Cir. 2009) (per curiam). The defendant in *Cooley* had moved to modify his sentence under 18 U.S.C. § 3582(c)(2). *Id.* at 295. Section 3582(c)(2) provides that, with respect to defendants "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," a court may—upon motion or by its own motion—reduce the defendant's term of imprisonment accordingly. After the district court denied his motion, the *Cooley* defendant appealed. *Cooley*, 590

No. 11-40236

F.3d at 295. We first considered his appeal waiver, which we described as "broadly written"; it stated:

> [D]efendant hereby expressly waives the right to appeal his sentence on any ground, including but not limited to any appeal right conferred by [18 U.S.C. §] 3742 on the defendant, and the defendant further agrees not to contest his sentence in any post-conviction proceeding, including but not limited to a proceeding under [28 U.S.C. §] 2255. The defendant, however, reserves the right to appeal the following: (a) any punishment imposed in excess of the statutory maximum, and (b) any punishment to the extent it constitutes an upward departure from the Guidelines range deemed most applicable by the sentencing court.

*Cooley*, 590 F.3d at 296. In holding that such an appeal waiver did not bar the *Cooley* defendant's appeal, we reasoned that § 3582(c)(2) motions merely "bring to the court's attention changes in the guidelines that allow for a sentence reduction." *Id.* at 297 (internal quotation marks omitted). Section 3582(c)(2) motions do "not contest the district court's original sentence of imprisonment . . . because § 3582(c)(2) provides no avenue through which to attack the original sentence." *Id.* (internal quotation marks omitted). Therefore, such motions are "not properly considered an 'appeal' or 'collateral proceeding' under the terms of a general waiver of appeal." *Id.* at 297.

Though similar, *Cooley* does not dictate the outcome in this case. No condition—such as a change to the Guidelines—must be fulfilled before a defendant moves under § 3583(e)(2) to modify the terms of his supervised release. Unlike § 3582(c)(2), which allows a defendant to bring a specific change to the district court's attention, § 3583(e)(2) provides an avenue through which a defendant can directly attack his terms of supervised release, which are part of a defendant's original sentence. *See United States v. Valdez-Sanchez*, 414 F.3d 539, 542 (5th Cir. 2005) ("Supervised release . . . [is a] component[] of the original sentence[.]"). The sorts of challenges Scallon brought in his § 3583(e)(2)

No. 11-40236

motion could have been raised on direct appeal[3] or as part of a collateral attack, and Scallon unequivocally waived both of those options in his written plea agreement; we therefore hold that a defendant's appeal from the denial of his § 3583(e)(2) motion falls within the scope of a broadly-worded appeal waiver like Scallon's.[4]

## III. CONCLUSION

For the foregoing reasons, Scallon's appeal is dismissed.

DISMISSED.

---

[3] *See, e.g.*, *United States v. Hartshorn*, 163 F. App'x 325, 329 (5th Cir. 2006) (finding condition of supervised release to be beyond district court's statutory authority, and therefore outside the scope of defendant's appeal waiver).

[4] The Tenth and Eleventh Circuits have squarely held that a defendant's broad appeal waiver does not bar that defendant's appeal from an order modifying or revoking the terms of his supervised release where that modification or revocation was sought by the government in a § 3583(e)(2) motion. *See United States v. Lonjose*, 663 F.3d 1292, 1302 (10th Cir. 2011); *United States v. Carruth*, 528 F.3d 845, 846 (11th Cir. 2008) (per curiam). That question remains open in the Fifth Circuit, and we need not reach it today. We note, though, that those decisions are consistent with our holding here because each of those courts emphasized that the defendant appealed from his modified conditions of supervised release— sought by the Government and granted by the district court—not from "the original sentence imposed at sentencing and memorialized in the judgment." *Lonjose*, 663 F.3d at 1302; *see Carruth*, 528 F.3d at 846.

6