# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 17, 2013

No. 12-30350
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

RUSSELL DAVIS, also known as Face Davis, also known as Russell White,

Defendant - Appellant

Cons. w/ No. 12-30352

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ANTHONY DAVIS, also known as Anthony White,

Defendant - Appellant

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:11-CR-70-3
USDC No. 2:11-CR-70-2

No. 12-30350
c/w No. 12-30352

Before DAVIS, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Anthony Davis and his brother Russell Davis were charged in a multi-count indictment. Each entered a guilty plea pursuant to a written agreement.

Anthony Davis was convicted of distributing heroin and aiding and abetting the distribution and possession, with intent to distribute, cocaine base (crack), in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1) and (b)(1). On three counts, he was subject to a statutory maximum sentence of 30 years' imprisonment; another count included a statutory mandatory minimum sentence of ten years and maximum term of life. His advisory Sentencing Guidelines sentence was 120 months, the statutory mandatory minimum. The district court departed upwardly, pursuant to Guideline § 4A1.3(a) (upward departure may be warranted where reliable information indicates defendant's criminal history category substantially under-represents seriousness of defendant's criminal history or likelihood defendant will commit other crimes), and sentenced Anthony Davis to 168 months' imprisonment, consisting of concurrent terms of 71 months' imprisonment for three counts, and 168 months for the other count.

Russell Davis also pleaded guilty to aiding and abetting the distribution and possession, with intent to distribute, cocaine base (crack), in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1) and (b)(1). On two counts, he was subject to a statutory maximum sentence of 30 years' imprisonment; three other counts included a statutory mandatory minimum sentence of ten years' imprisonment and maximum term of life imprisonment. His advisory Sentencing Guidelines range was 120 to 125 months. The district court departed upwardly and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentenced Russell Davis to 125 months for two counts, and 180 months for three other counts, to be served concurrently.

The defendants' plea agreements were identical with the exception of the particular counts to which each pleaded guilty and the references to the penalties for those counts. The agreements contained the same waivers of the right to appeal their sentences directly, and the same exceptions to the waivers. Excepted from the waivers were the rights: (1) to appeal directly any sentence imposed in excess of the statutory maximum; and (2) to pursue a post-conviction challenge in the event either defendant established ineffective assistance of counsel directly affected the validity of the waiver or plea.

In various challenges to the validity of their waivers, Anthony and Russell Davis contend, *inter alia*: there was a failure of consideration because neither received what he, or the Government, reasonably expected upon entering their plea agreements; and their appeal waivers violate due process and are contrary to public policy because the Guidelines no longer constrain a district court's discretion, and the waivers foreclose review of any sentence under the statutory maximum. Acknowledging our court has enforced waivers as broad as theirs, they assert this is an important issue deserving renewed analysis. They posit this court's endorsement of broad appeal waivers such as theirs is erroneous because its initial endorsement of an appeal waiver stems from *United States v. Sierra*, No. 91-4342, slip op. at 2 (5th Cir. 6 Dec. 1991). *See United States v. Melancon*, 972 F.2d 566, 568 (5th Cir. 1992). They contend *Sierra* is inapposite because that waiver was limited by a cap on the sentence defendant could receive.

According to Anthony and Russell Davis, our court has never had occasion to determine whether a defendant can knowingly waive the right to appeal a sentence when he is sentenced contrary to the district court's assurances. They contend the concurrence in *Melancon* addressed this question. They seek re-

examination of the validity of broad appeal waivers because of intervening changes in federal sentencing law subsequent to *United States v. Booker*, 543 U.S. 220 (2005), holding the Guidelines are advisory. Finally, they assert the enforcement of broad appeal waivers promotes significant geographical disparities in sentencing that violate due process and public policy.

The validity of an appeal waiver is reviewed *de novo*. *United States v. Scallon*, 683 F.3d 680, 682 (5th Cir. 2012), *petition for cert. filed*, (Nov. 21, 2012) (No. 12-7518). "A defendant may waive his statutory right to appeal as part of a valid plea agreement, provided (1) [the] waiver is knowing and voluntary, and (2) the waiver applies to the circumstances at hand, based on the plain language of the agreement." *Id.* (quotation marks and citation omitted). Anthony and Russell Davis do not claim the two exceptions to their appeal waivers apply, and the record shows the plea agreements, including their appeal waivers, were voluntary and knowing.

In *Melancon*, our court held the uncertainty of a sentence does not render waiver of the right to appeal a sentence uninformed. 972 F.2d at 567-68. Moreover, Anthony and Russell Davis' attempt to place themselves outside of *Melancon* and its progeny into an area of unanswered law concerning whether appellant knowingly waives the right to appeal upon receiving a sentence contrary to the district court's assurances is disingenuous. Nothing in the record demonstrates the court assured either of them a certain sentence.

Anthony and Russell Davis have not shown their contentions deserve renewed analysis. One panel of our court may not overturn another panel's decision unless there has been an intervening change in law "such as by a statutory amendment, or the Supreme Court, or our en banc court". *United States v. Snarr*, 704 F.3d 368, 401 n.21 (5th Cir. 2013) (quotation marks and citation omitted). *Booker* does not represent an intervening change in the law for the reasons Anthony and Russell Davis espouse. *See, e.g., United States v.*

*Pizzolato*, 655 F.3d 403, 405-06 (5th Cir. 2011), *cert. denied*, 132 S. Ct. 1126 (2012); *United States v. Dees*, 125 F.3d 261, 269 (5th Cir. 1997) (concluding appellant's being "informed of the maximum term of imprisonment to which she could be sentenced, and her actual sentence [falling] within that range" rendered plea informed and voluntary such that waiver of appeal in agreement was enforceable).

The record demonstrates Anthony and Russell Davis understood:  the court could depart upwardly; and they were waiving their right to appeal any sentence not exceeding the statutory maximum.  Their sentences did not exceed that maximum.  Thus, they have validly waived their rights to appeal.  *E.g.*, *Pizzolato*, 655 F.3d at 412; *Melancon*, 972 F.2d at 568.  Accordingly, their contentions regarding the claimed procedural and substantive unreasonableness of their sentences will not be considered.

DISMISSED.