# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 17-10249
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 23, 2018

Lyle W. Cayce
Clerk

————

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DEON BONNER, also known as "Spanish Fly",

Defendant-Appellant

————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-245-4

————————

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Deon Bonner pleaded guilty, pursuant to a written agreement, to conspiracy to commit sex trafficking in violation of 18 U.S.C. § 1594(c). The district court imposed a within-Guidelines sentence of 360 months' imprisonment. Though Bonner waived most of his appeal rights, he preserved three: the rights "(a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10249

punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel." This appeal, however, focuses primarily on a Guidelines question—whether the district court correctly applied U.S.S.G §§ 2G1.3, 2X1.1(a), and 3B1.2. In urging us to consider his Guidelines arguments, Bonner necessarily attacks the validity of his plea and waiver on several fronts. *See United States v. Carreon-Ibarra*, 673 F.3d 358, 362 n.3 (5th Cir. 2012) ("[A] waiver-of-appeal provision . . . cannot be enforced to bar a claim that the waiver itself—or the plea agreement of which it was a part—was unknowing or involuntary." (quotation marks omitted)). None of Bonner's arguments prevails.

A guilty plea must be voluntary, knowing, and intelligent. *United States v. Washington*, 480 F.3d 309, 315 (5th Cir. 2007). Bonner must have had notice of the charges leveled against him and understood the constitutional protections he would waive by pleading guilty. *Id.*; *accord* Fed. R. Crim. P. 11. Similarly, an appeal waiver is valid if it is "knowing and voluntary" and "applies to the circumstances at hand, based on the plain language of the [plea] agreement." *United States v. Scallon*, 683 F.3d 680, 682 (5th Cir. 2012) (quotation mark omitted). A waiver is knowing and voluntary where the record indicates that the defendant read and understood the plea agreement, was aware of the right to appeal, understood that he was giving up that right, and raised no question concerning the waiver. *United States v. Portillo*, 18 F.3d 290, 292–93 (5th Cir. 1994). "If the district court accurately explains the terms and consequences of the waiver of appeal and the defendant states on the record that he understands them, the defendant's later contention that he did not really understand will not invalidate the waiver." *United States v. Jacobs*, 635 F.3d 778, 781 (5th Cir. 2011). Our review here is de novo. *See Washington*, 480 F.3d at 315; *Scallon*, 683 F.3d at 682.

No. 17-10249

The record confirms that Bonner read and understood his plea agreement, comprehended the nature of the § 1594(c) charge and maximum punishment, was aware of his right to appeal, and understood that he was giving up that right. *See Portillo*, 18 F.3d at 292–93; *Washington*, 480 F.3d at 315–16. Indeed, his plea agreement stated that the maximum sentence he could receive was "any term of years of imprisonment up to life." As for his specific sentence, Bonner verified that he "reviewed the Guidelines with his attorney" and understood that "no one" could at rearraignment "predict with certainty the outcome of the Court's consideration of the Guidelines in this case." Bonner agreed that he would "not be allowed to withdraw his plea" even if his sentence were "higher than expected." He further confirmed that "[t]here ha[d] been no guarantees or promises from anyone as to what sentence the Court will impose." Then, in open court, Bonner stated that he understood the indictment and elements of the offense, the trial rights he was waiving, his plea agreement generally, and the appeal waiver specifically. Both the plea and waiver are valid.

Nevertheless, Bonner argues that his plea and waiver were unknowing and involuntary because the indictment charged him in Count 1 with "Conspiracy to Commit Sex Trafficking of Children (Violation of 18 U.S.C. § 1594(c) (18 U.S.C. § 1591(a)(1) and **(a)(2)**)," but the factual resume "reflects a plea of guilty to Count One of the Indictment: Conspiracy to Commit Sex Trafficking of Children, 18 U.S.C. § 1594(c) (18 U.S.C. § 1591(a) and **(b)(2)**[)]." This putative inconsistency, Bonner contends, "deprive[d him] of notice of the charges against him because 18 U.S.C. § 1591(b)(2) provides for a statutorily mandated minimum term of imprisonment of ten years, whereas 18 U.S.C. § 1594(c) does not have a mandated minimum term of years." But the record reflects that Bonner pleaded guilty to a violation of 18 U.S.C. § 1594(c) and that he was

No. 17-10249

correctly subject to a term of up to life in prison; he was not, as he alleges, subjected to a ten-year mandatory minimum sentence under § 1591(b)(2).[1]

Bonner also contends, without citation to authority, that the handwritten changes he insisted on appearing in the stipulated facts render his plea void because the amended sentences are "nonsensical." We disagree. Bonner's proposed (and accepted) revisions simply clarify who his victims were. The edits do not void the plea.

Last, Bonner maintains that his plea agreement is invalid because he did not receive consideration and he did not understand how the Guidelines would apply to his case. These arguments also fail. Even were consideration necessary to support a plea, the government provided it by dismissing Count 10 (a substantive § 1591 charge) and pledging not to bring any further charges against Bonner from the conduct undergirding his conviction. Nor do we find merit in Bonner's claim regarding his misunderstanding of the applicable Guidelines. He acknowledged, both in his plea agreement and at rearraignment, that his plea and agreement were not predicated upon any Guidelines estimate and that he understood the maximum applicable penalties. *Cf. United States v. Smallwood*, 920 F.2d 1231, 1239 (5th Cir. 1991) ("Plea bargains do not alter how the Guidelines will apply."); *see also* Fed. R. Crim. P. 11(b)(1). He instead averred that he was "waiving [of his] right to appeal or otherwise challenge [his] sentence," even though "any discussion concerning the Guidelines" before sentencing was only "an estimate," not "a promise as to what those Guidelines will be."

---

[1] Section 1591(b) does not itself create an offense; it instead identifies the two different punishment schemes for a violation of § 1591(a). Subsection (b)(2) is the less severe one. Bonner's arguments regarding § 1591(b) actually address the district court's Guidelines calculations—a contention that the appeal waiver forecloses.

No. 17-10249

We dismiss Bonner's claims of Guidelines error because they fall within the scope of a valid appeal waiver. *See United States v. Story*, 439 F.3d 226, 230 n.5 (5th Cir. 2006); *United States v. Bond*, 414 F.3d 542, 546 (5th Cir. 2005).

AFFIRMED IN PART; DISMISSED IN PART.