# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-60493
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 16, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RICARDO AGUILAR-GONZALEZ, also known as Ritchie,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:16-CR-38-3

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Ricardo Aguilar-Gonzalez pleaded guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and 21 U.S.C. § 846 (Count 1), and conspiracy to travel in interstate commerce with intent to distribute the proceeds of an unlawful activity, in violation of 18 U.S.C. § 371 and 18 U.S.C. § 1952 (Count 2). In a supplement to the plea

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

agreement, Aguilar-Gonzalez agreed to waive "all rights of appeal" in the event that the Government filed a U.S.S.G. § 5K1.1 motion and the motion was granted.  The Government filed a § 5K1.1 motion, and the court granted the motion and thereafter sentenced Aguilar-Gonzalez to a below-guidelines sentence of 168 months of imprisonment as to Count 1 and 60 months of imprisonment as to Count 2.

Aguilar-Gonzalez argues that his 168-month sentence was substantively unreasonable.  The Government counters that Aguilar-Gonzalez's appellate waiver bars this appeal.  This court reviews de novo the enforceability of an appeal waiver.  *United States v. Scallon*, 683 F.3d 680, 682 (5th Cir. 2012).  "A defendant may waive his statutory right to appeal as part of a valid plea agreement, provided (1) his or her waiver is knowing and voluntary, and (2) the waiver applies to the circumstances at hand, based on the plain language of the agreement."  *Id.*  However, in the absence of the transcripts necessary for a review of whether the waiver was knowing and voluntary, as is the case here, this court will not consider the issue.  *See Powell v. Estelle*, 959 F.2d 22, 26 (5th Cir. 1992) (noting that party raising an issue has duty to provide record relating to that issue).

This court reviews sentences, whether inside or outside the Guidelines, for reasonableness in light of the sentencing factors set forth in 18 U.S.C. § 3553(a) and reviews the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  This court has determined that a sentence within or below the calculated guidelines range is entitled to a presumption of reasonableness.  *United States v. Simpson*, 796 F.3d 548, 557 & n.51 (5th Cir. 2015).  "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant

weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

In this case, the district court relied on appropriate § 3553(a) factors in determining the sentence. Nothing suggests that the district court failed to consider a factor that should have received significant weight, gave significant weight to an improper factor, or made a clear error of judgment in balancing the sentencing factors. *See Cooks*, 589 F.3d at 186. Accordingly, his sentence is AFFIRMED.