**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Dennis Edward BORG, Defendant-Appellant.**

**No. 73-1648.**

United States Court of Appeals,
Tenth Circuit.

Sept. 4, 1974.

Felix D. Lepore, Denver, Colo., for defendant-appellant.

C. Nelson Day, U. S. Atty., and H. Ralph Klemm, Asst. U. S. Atty., for plaintiff-appellee.

Before SETH and HOLLOWAY, Circuit Judges, and TALBOT SMITH,* Senior District Judge.

---

TALBOT SMITH, Senior District Judge.

Defendant, charged in two counts with violation of 18 U.S.C. § 2314,[1] interstate transportation of falsely made and forged securities, was convicted by a jury on both counts. His appeal to us raises questions of the admissibility of his extrajudicial statements and of the sufficiency of the evidence. We affirm.

The facts will be discussed in more detail in our examination of the errors asserted. In substance the offenses charged involve the cashing of two American Express money orders, part of a group of some 280 stolen in blank from the store of Mr. Salisbury, in Salt Lake City, Utah. The defendant testified he had been arrested December 30, 1971 upon a warrant "from the city police department * * * for a $25 personal check I purportedly had cashed." During defendant's interrogation by local police subsequent to his arrest he admitted cashing the two money orders before us. On January 19, 1972 he was interviewed by two F.B.I. agents (who had not been present at the initial interrogation) and made the same admissions. Defendant's principal claim of error relates to the court's denial of his motion to suppress the statements made to the police officers "and all subsequent conversations with officers arising fairly from that initial conversation."

The defendant asserted that his interrogation by the police officers did not comply with the *Miranda*[2] requirements, that it was coercive, and that his admissions were induced by promises of "immunity" from prosecution.[3] The court

---

* TALBOT SMITH, United States Senior District Judge, Eastern District of Michigan, sitting by designation.

1. 18 U.S.C. § 2314 provides in part:
   Whoever, with unlawful or fraudulent intent, transports in interstate or foreign commerce any falsely made, forged, altered, or counterfeited securities * * *, knowing the same to have been falsely made, forged, altered, or counterfeited; * * *

\* \* \* \* \*

Shall be fined not more than $10,000 or imprisoned not more than ten years, or both.

2. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

3. This claim, rather than one of technical immunity, 18 U.S.C. § 6001 et seq., more properly goes to the voluntariness of the statements made and we will so construe it.

took extensive testimony out of the presence of the jury on these charges and, finding the statements involuntary, ruled that all testimony from the local police would be excluded.

But, according to defendant's theory, such exclusion does not exhaust the possible evils flowing from the police interrogation under the "fruit of the poisonous tree" doctrine, since, defendant asserts, the police officers passed on to the F.B.I. agents their unlawfully acquired knowledge of defendant's cashing of the two American Express money orders. Moreover, defendant continues, he would not have admitted to the agents his cashing of the money orders had he not been "promised immunity" by the city police officers. The agents, in reply, deny that any information from the police led them to the defendant. Rather, agent Davis testified, "as I recall I took a very direct route on this case. Dennis Borg's name was on the money order itself. I had a very direct route to follow. He had to be in it because his name was on the money orders."[4]

Having suppressed the testimony of the police officers the court reserved immediate ruling as to the F.B.I. agents, stating:

> I am going to take that evidence for the F.B.I. agents in front of the jury. If I decide it should be excluded, why, I will then give you a judgment of acquittal. If I decide it is admissible, we will submit the matter to the jury. We will do that in front of the jury.[5]

Before the jury, agent Empey recounted his and agent Davis' interview with the defendant. After warning to defendant of his *Miranda* rights, Empey testified, defendant "signed the waiver and was agreeable to being interviewed by us." He then freely admitted receiving the money orders from two named individuals and cashing them in his own name in exchange for half the proceeds, but denied that he knew the money orders were forged. The finding of the trial court that there was no derivation of F.B.I. knowledge from unlawful sources is clearly supported in the record.

The defendant took the stand in his own defense and substantially confirmed Empey's testimony, amplifying his defense of lack of knowledge. The defendant urges that the evidence was insufficient to sustain the conviction in that there was a failure of proof as to scienter, relying on Pauldino v. United States, 379 F.2d 170 (10th Cir. 1967). But *Pauldino* does not aid defendant on the facts before us, for the guilty knowledge there required may and often is inferred from circumstantial evidence, particularly when involving unusual circumstances. United States v. Greene, 442 F.2d 1285 (10th Cir. 1971); United States v. Infanti, 474 F.2d 522 (2nd Cir. 1973); United States v. Brawer, 482 F.2d 117 (2nd Cir. 1973). Here the totality of circumstances is overwhelming. The jury heard and rejected defendant's story.

Affirmed.

---

4. Upon defendant's arrest he was searched and was found to be in possession of a wallet containing the identification papers of one L. K. Wilkins. This wallet, Borg testified, he had purchased from a prostitute. The money orders before us bear the forged name of Wilkins as purchaser and the defendant as payee.

5. By ultimately submitting the case to the jury the court impliedly ruled the agents' testimony admissible. There is no merit to the contention that the court, in contravention of the holding in Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1966) improperly delegated to the jury the issue of the constitutional voluntariness or "taintedness" of defendant's statements to the agents.