**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Virgilio Marrero MONTANEZ, Defendant-Appellant.**

**No. 76-2752**
**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

June 22, 1977.

---

* Rule 18, 5 Cir., *Isbell Enterprises, Inc. v. Citizens, Casualty Company of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

Gustavo L. Acevedo, Asst. Federal Public Defender, Laredo, Tex., Roland E. Dahlin, II, Federal Public Defender, Karen K. Friedman, Asst. Federal Public Defender, Houston, Tex., for defendant-appellant.

Edward B. McDonough, Jr., U.S. Atty., James R. Gough, Mary L. Sinderson, George A. Kelt, Jr., Rene Gonzalez, Asst. U.S. Attys., Houston, Tex., for plaintiff-appellee.

Before COLEMAN, GODBOLD and TJOFLAT, Circuit Judges.

PER CURIAM:

Virgilio Montanez pled guilty to a marijuana charge, and he received a probationary sentence. While on probation he was arrested for possessing marijuana again. He again pled guilty. During the hearing to determine whether the probation should be revoked, the district judge considered the fact that Montanez had been convicted of armed robbery since the date of the probationary sentence. Montanez appeals the revocation of his probation, claiming it was error for the judge to consider the armed robbery conviction because the actual offense took place prior to the date of the probated sentence.

We need not determine whether the district court erred as claimed. Appellant does not contest the validity of his second marijuana conviction, nor does he claim that the conduct on which the conviction is based did not occur while he was on probation. That conduct alone would have been sufficient to justify revoking appellant's probation. See *United States v. Carrion,* 9 Cir.1972, 457 F.2d 808. Even if the district court was in error in considering the armed robbery conviction, the error is harmless in light of the second marijuana conviction.

AFFIRMED.