**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Otis BROWN, Defendant-Appellant.**

**No. 81–1011**

**Summary Calender.**

United States Court of Appeals, Fifth Circuit.
Unit A

Sept. 25, 1981.

Before AINSWORTH, REAVLEY and RANDALL, Circuit Judges.

PER CURIAM:

Defendant-Appellant Otis Brown appeals from the revocation of a probationary sentence imposed when he pleaded guilty to a one count information charging him with possession of a United States Treasury check stolen from the mail. He alleges that the district court abused its discretion in its finding that he had violated the conditions of his probation and that the conduct of the hearing was prejudicial and fundamentally unfair to him. Because we find no merit in either of Brown's asserted grounds, we affirm the district court's revocation of probation.

## I. FACTUAL BACKGROUND

On August 11, 1978, Brown pleaded guilty to a one-count information charging him with possession of a United States Treasury check stolen from the mail in violation of 18 U.S.C. § 1708 (1976). Judge Sarah T. Hughes imposed as punishment a $500 fine and four years probation.[1]

On April 4, 1980, U.S. Probation Officer Leonard McGowan filed a petition for a probation violator's warrant alleging as grounds for the warrant that subsequent to his being placed on probation:

(1) Brown had been convicted of a state theft charge on March 12, 1980 (a violation of probation condition No. 1);

(2) Brown had been arrested on a charge of retaliation on March 19, 1980 (a violation of probation condition No. 1);

(3) Brown had failed to immediately notify the probation officer of his March 19, 1980 arrest (a violation of probation condition No. 1); and

James F. Gaulding, Dallas, Tex., Court-Appointed, for defendant-appellant.

Paul E. Coggins, Asst. U.S. Atty., Dallas, Tex., for plaintiff-appellee.

1. The grant of probation, subject to general and special conditions, was specially conditioned upon (1) participation in counseling as directed by the Probation Department and (2) payment of the $500 fine. (Record on Appeal 3). The general conditions of probation, applicable to all such grants, were not reproduced in the Record on Appeal, but as determined by statements of the Judge at a subsequent revocation hearing apparently included:

(1) that the probationer shall refrain from violation of any law, federal, state and local and report any arrest or questioning by a law enforcement officer;

(2) that the probationer associate only with law abiding persons; and

(3) that the probationer secure and maintain gainful employment. (Supplemental Record on Appeal 59–60.

(4) Brown had failed to secure and maintain gainful employment (a violation of probation condition No. 3).

The warrant was executed on April 8, 1980.

Less than two weeks after the execution of the warrant and prior to any hearing on possible revocation of probation, Officer McGowan filed and the district court granted a second petition to withdraw the warrant. McGowan stated that it was his opinion that Brown "will now respond favorably to the conditions of probation and will sincerely attempt to avoid violations of the law." (Record on Appeal 7).

On November 26, 1980, McGowan filed a second petition for a probation violator's warrant, reiterating the same four grounds he had alleged in the first withdrawn petition and adding a fifth ground: that Brown had been convicted by a Texas state court on October 10, 1980 for possession of a Preludin, a controlled substance. Pursuant to the issuance of the warrant, Brown was arrested on December 8, 1980. At the time of his arrest he had in his coat pocket six rounds of .22 caliber ammunition. A supplemental petition was filed by McGowan on December 11, 1980, adding possession of ammunition as a sixth ground of probation violation.

A hearing on revocation of Brown's probation was held on December 16, 1980, with District Court Judge Barefoot Sanders presiding. Brown was represented by court appointed counsel at the hearing.

At the conclusion of testimony by Officer McGowan and Brown, Judge Sanders revoked Brown's probation, sentencing him to two years imprisonment. Of the six allegations of probation violation, the court cited four as bases for the revocation:

(1) conviction of a violation of Controlled Substance Act (possession of Preludin);

(2) failure to notify probation officer of arrest on March 19, 1980;

(3) possession of six live rounds of hollow point .22 caliber ammunition which

had been received in interstate commerce; and

(4) failure to secure and maintain gainful employment.

The other two grounds alleged by McGowan were not cited by the court as reasons for the revocation.[2]

On appeal, Brown posits two arguments to support reversal of the trial court's judgment. The first is that the evidence relied upon by the court was insufficient to support revocation. Second, Brown maintains that he was denied a fair hearing and was unfairly prejudiced by inclusion of the ultimately withdrawn theft conviction in the evidence presented to the district court, inclusion of the charges in the second petition which were the basis for the first petition, and hearing of the revocation petition by Judge Sanders rather than Judge Hughes, the original convicting and sentencing judge. We address each of these arguments in turn.

## II. INSUFFICIENCY OF EVIDENCE OF PROBATION VIOLATIONS

Brown attacks the sufficiency of each of the four grounds stated by the district court in its probation revocation. He claims that he was not guilty of the possession conviction by virtue of his possession of a prescription for the controlled substance Preludin; that the judgment of conviction is defective because of errors on its face; that he had attempted to notify Officer McGowan of his March 19, 1980 arrest; that he received no notice of the allegation of possession of ammunition added by Officer McGowan on December 11, 1980 subsequent to his arrest on December 8, 1980; that his possession of the ammunition was not a crime; and that there was sufficient evidence adduced at the hearing by testimony of Brown and by statements of Brown's counsel of his own investigation of Brown's employment record to refute any allegation of failure to secure and maintain employment.

---

2. The allegation that Brown had been convicted of theft on March 12, 1980, was withdrawn by the U.S. Attorney at the revocation hearing when it was discovered that the offense which

was the basis of the conviction occurred prior to the commencement of the probationary period. Hearing Transcript 28–30.

■ To secure reversal of the revocation order, Brown must present to this court clear evidence that the district court abused its discretion in the probation revocation. *Burns v. United States*, 287 U.S. 216, 221, 53 S.Ct. 154, 156, 77 L.Ed. 266 (1932); *United States v. Feinberg*, 631 F.2d 388 (5th Cir. 1980). This Brown has failed to do.

■ Brown's conviction for possession of a controlled substance is, of itself, an adequate ground upon which the district court could revoke probation. "Conviction of a crime . . . is compelling proof of the violation of a term of probation." *United States v. Feinberg, supra* at 391. *United States v. Garza*, 484 F.2d 88 (5th Cir. 1973).

■ Furthermore, Brown's state conviction cannot be attacked collaterally in the revocation proceeding by his claims of innocence or of the probation officer's knowledge of a prescription for the substance. *United States v. Feinberg, supra* at 391; *United States v. Langley*, 438 F.2d 91, 92 (5th Cir. 1970). *Cf. Morrissey v. Brewer*, 408 U.S. 471, 490, 92 S.Ct. 2593, 2604, 33 L.Ed.2d 484 (1979) (holding that a parolee cannot relitigate issues determined against him in other forums where revocation is based on conviction of another crime.)

Brown's further assertion that errors on the face of the judgment of conviction[3] render it worthless as evidence is frivolous. The arrest report stating that Brown was found in possession of a controlled substance, the information charging Brown with possession of a controlled substance, and Brown's own testimony at the revocation hearing admitting the conviction clearly demonstrate that Brown was convicted of possession of a controlled substance. Hearing Transcript 35–36.

■ Because the conviction for possession of a controlled substance serves as an adequate basis for the discretionary action of the district court, it is unnecessary for us to decide the claims of error advanced in regard to the other three grounds for revocation. Where a conviction is sufficient to justify revocation, possible error in the consideration of other allegations is harmless and need not be addressed. *United States v. Montanez*, 554 F.2d 696, 697 (5th Cir. 1977).

Brown's argument that there was an abuse of discretion by the district court because of insufficiency of evidence of probation violations is rejected.

## III. FAIRNESS OF THE HEARING

■ It is axiomatic that probationers are entitled to due process guarantees of the Fourteenth Amendment, *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), and that probation hearings must comport with principles of fundamental fairness. *See Morrissey v. Brewer, supra*, 408 U.S. at 484, 92 S.Ct. at 2601. A review of Brown's allegations demonstrates no unfairness in his revocation hearing.

■ Brown's contention that the theft conviction which was based on an offense occurring prior to his probation was considered by and thus unfairly influenced the district court in its decision to revoke probation is without merit. There is no factual argument advanced by Brown nor is there any evidence that the court was influenced by this prior charge. Even if the theft conviction had been considered by the district court, it would have been harmless error in light of the conviction for possession of a controlled substance which occurred subsequent to the probationary period and upon which the district court based its decision to revoke. *United States v. Montanez, supra* at 697.

Brown further asserts that because three grounds listed in the first petition in April, 1980 were reiterated in the second petition filed in November of 1980, he was unfairly prejudiced at the hearing.[4] He claims that those charges were "forgiven" because Officer McGowan withdrew the April, 1980

---

3. Stamped across the top of the judgment was a charge of "Driving a Motor Vehicle While Intoxicated" and the body of the judgment referred to a finding of "guilt of a controlled substance" rather than guilt of possession of a controlled substance.

4. Brown admits that he was not placed in double jeopardy by the refiling of the allegations. *See U. S. v. Whitney*, 649 F.2d 296, 297, 298 (5th Cir., 1981) (Revised Opinion).

warrant and thus should not have been admitted into evidence.

Delay in the filing of charges in the probation revocation context has been subjected to due process scrutiny by this court. *United States v. Tyler*, 605 F.2d 851 (5th Cir. 1979). In *Tyler* this court found that claimed violations of probation which were known to the probation officer for over two years before filing could not be used in a probation revocation proceeding as, the lengthy delay was fundamentally unfair to the probationer. *Id.* at 853.

■ The case before us, however, is factually distinguishable and materially different from *Tyler*. Here, the charges filed in April of 1980 were based largely on events occurring in March, 1980. Thus, there was no initial delay in the filing of charges as occurred in *Tyler*.[5] Furthermore, Officer McGowan's petition to withdraw the warrant was not based upon any motive to delay the filing of charges or forgive the violations, but a desire to utilize the rehabilitation process rather than abandon it. Record on Appeal 7.

The withdrawal and refiling of charges more closely resembles a fact pattern examined and upheld as fair by the Court of Appeals for the Eighth Circuit in which the refiling occurred after attempts at rehabilitation failed. *Kartman v. Parratt*, 535 F.2d 450, 455 (8th Cir. 1976). The factual distinction between *Tyler* and *Kartman* was noted by this court when it stated:

> Factually Kartman is distinguishable in that the first revocation petition was withdrawn rather than proceeding to adjudication and Kartman's probation officer, unlike Tyler's, apparently did not know of the grounds alleged in the second petition when he filed the first one. Additionally, the delay between the oldest violation charged against Kartman and his revocation hearing was less than 10 months. The corresponding delay in the present case was two years and three months.

*United States v. Tyler, supra* at 853, n.3. Here the additional conviction of the possession of Preludin demonstrated that the further attempt at rehabilitation had not succeeded. The delay in the case before us was seven months in contrast to over two years in *Tyler*. Officer McGowan additionally investigated Brown's employment status as of December 1980. Hearing Transcript, 9, 10, Government Exhibits 4, 5. The charge of failure to secure and maintain employment, while filed initially in April, 1980, was also a current valid charge as of December, 1980. Brown has not demonstrated that he was prejudiced by, or that any fundamental unfairness occurred as a result of, the refiling.

■ Finally, Brown, without supporting facts, concludes that because Judge Sanders rather than Judge Hughes presided at the revocation hearing, the hearing was somehow unfair. The claim is frivolous.

The order of the district court revoking probation and sentencing Brown to two years imprisonment is affirmed.

AFFIRMED.

---

**5.** The allegation based on the state theft charge was premised on the March 12, 1980 conviction. The arrest and failure to notify allegations were based on an arrest occurring in March of 1980. The record does not indicate how long Officer McGowan had been aware of any employment problems but there is no evidence that he had delayed in filing this charge.