[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14212
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 22, 2011
JOHN LEY
CLERK

D.C. Docket No. 8:98-cr-00310-EAK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARLYN CARLOS DORSEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 22, 2011)

Before EDMONDSON, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Marlyn Carlos Dorsey appeals the district court's order revoking his supervised

release pursuant to 18 U.S.C. § 3583(e)(3). The district court revoked his supervised

release after it found him guilty of ten supervised release violations, including Violations One (trafficking in cocaine), Eight (possession of a controlled substance), and Nine (association with a convicted felon). On May 26, 2010, Florida law enforcement officers arrested Dorsey after they discovered 66.1 grams of cocaine hidden under the bed liner of a truck in which Dorsey was a passenger, and convicted felon Timothy Gerald Johnson was the driver of the truck in which the cocaine was found. On appeal, Dorsey argues that the district court abused its discretion when it found him guilty of Violations One, Eight, and Nine. After careful review, we affirm.

We review for abuse of discretion the district court's conclusion that the defendant violated the terms of his supervised release. United States v. Cunningham, 607 F.3d 1264, 1266 (11th Cir.), cert. denied, 131 S. Ct. 482 (2010). A district court's findings of fact made at a revocation proceeding are binding unless clearly erroneous. United States v. Almand, 992 F.2d 316, 318 (11th Cir. 1993). A court abuses its discretion when its decision is based on clearly erroneous fact finding. United States v. Bornscheuer, 563 F.3d 1228, 1238 n.25 (11th Cir. 2009).

A district court may revoke a defendant's term of supervised release if the court finds by a preponderance of the evidence that the defendant violated a condition of his supervised release. 18 U.S.C. § 3583(e)(3); see also United States v. Trainor, 376 F.3d 1325, 1331 (11th Cir. 2004) (explaining that the preponderance of the evidence

standard requires only that the trier of fact believe that "the existence of a fact is more probable than its nonexistence").

First, we find no merit to Dorsey's claim that there was no evidence that he knew there was cocaine under the truck's bed liner to support the district court's finding that Dorsey violated the terms of his supervised release by trafficking in and possessing cocaine.[1] While Dorsey argues that the government showed only his mere presence in a vehicle containing cocaine, which is insufficient to support a finding that he actually or constructively possessed cocaine, see United States v. Stanley, 24 F.3d 1314, 1320 (11th Cir. 1994), the government's evidence did more than that, and was sufficient to demonstrate that it was more likely than not that Dorsey actively participated in the trafficking and possession of the cocaine. Specifically, Detective Miller had been told that two black males, one of whom was named Marlyn, were selling cocaine at 1361 16th Street South from out of a red truck with license plate 717KMA. When Detective Furst arrived at 1361 16th Street South, he observed two black men, one of whom turned out to be Marlyn Dorsey, engaged in what appeared

---

[1]As an initial matter, although the Federal Rules of Evidence do not apply in supervised release revocation hearings, the district court is required to engage in a balancing test before admitting hearsay evidence to which the defendant has objected. United States v. Frazier, 26 F.3d 110, 114 (11th Cir. 1994). However, in his initial brief on appeal, Dorsey did not challenge the district court's decision to overrule his hearsay objections. Therefore, even though Dorsey raised this issue in his reply brief, will not consider it. United States v. Britt, 437 F.3d 1103, 1104 (11th Cir. 2006) (noting that we do not consider issues raised for the first time in an appellant's reply brief).

to be a drug transaction at the rear of a red truck with license plate 717KMA. A search of the truck turned up 66 grams of cocaine split among two or three different bags as well as a total of $14,800 cash. Thus, when viewed in the light most favorable to the government, the evidence presented supports the inference that Dorsey and Johnson were trafficking cocaine on May 26, 2010. Additionally, the similarity between this offense and Dorsey's offense of conviction support the inference that Dorsey was involved in trafficking drugs with Johnson. See United States v. Perez-Tosta, 36 F.3d 1552, 1558 (11th Cir. 1994). Finally, a district court may revoke a defendant's supervised release based on conduct that state officials choose not to prosecute. See U.S.S.G. § 7B1.1 comment. (n.1).

Second, we are unpersuaded by Dorsey's claim that there was no evidence that he knew Johnson had been convicted of a felony in 1990. Where the district court's decision to revoke a defendant's supervised release is adequately supported by one alleged violation, any possible error in the consideration of other allegations is harmless. See United States v. Brown, 656 F.2d 1204, 1207 (5th Cir. Unit A Sep. 25, 1981) (probation revocation);[2] see also Frazier, 26 F.3d at 113-14 (pointing out that there is no significant conceptual difference between probation revocation and

[2]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

supervised release revocation).  If a defendant commits more than one supervised release violation, the grade of the violation is determined by the violation having the most serious grade.  U.S.S.G. § 7B1.1(b).

In this case, Violation One is a Grade A violation.  See U.S.S.G. § 7B1.1(a)(1) (defining a Grade A violation to include controlled substance offenses); § 4B1.2(b) (defining a controlled substance offense to include felony possession of a controlled substance with intent to distribute).  Violation Nine is a Grade C violation.  See U.S.S.G. § 7B1.1(a)(3) (defining a Grade C violation to include any non-criminal violation of a condition of supervised release).  Thus, because Dorsey's sentence upon revocation of his supervised release was driven by the cocaine violations, any error with regard to Dorsey's second issue was harmless.  Indeed, Dorsey concedes in a footnote that reversing the finding that Dorsey committed Violation Nine will not alter his sentence because he admitted to committing several other Grade C violations.  Accordingly, we affirm the district court's revocation of Dorsey's supervised release.

**AFFIRMED.**