[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14097
Non-Argument Calendar
_____

D.C. Docket No. 2:15-cr-00003-LGW-RSB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BYRON JAVONNE DELOATCH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(May 12, 2016)

Before TJOFLAT, WILLIAM PRYOR and JILL PRYOR, Circuit Judges.

PER CURIAM:

In 2011, Byron Deloatch, having pled guilty to one count of mail fraud, 18 U.S.C. § 1341, and two counts of bank fraud, 18 U.S.C. § 1344(1) and (2), in the Eastern District of North Carolina, was sentenced to concurrent prison terms for 30 months followed by a like term of supervised release. Following his release from prison, the supervision of his behavior on supervised release was transferred to the Southern District of Georgia.

In June 2015, the district court, granting Deloatch's probation officer's petition, issued a warrant for his arrest based on four violations of his supervised release: (1) committing the offense of false statements, in violation of 18 U.S.C. § 1001, by failing to report business-related activities and income on monthly supervision reports, a 2015 financial statement, and his 2014 income tax return; (2) committing the offense of wire fraud, in violation of 18 U.S.C. § 1343, and theft by deception, in violation of Ga. Code Ann. § 16-8-3, by making false representations in obtaining seasonings and spices on credit from Zenobia Company, a wholesaler doing business as My Spice Sage and failing to make payment toward the debt; (3) incurring new credit charges or opening additional lines of credit without the approval of the probation office; and (4) leaving the judicial district without the permission of the court or probation officer. Regarding violation (2), the petition alleged that Deloatch had falsely represented to Zenobia that he was affiliated with celebrity chef Curtis Stone, and that he owned a restaurant and catering business

2

which required exotic spices.  The probation officer contended that based on these representations, Zenobia agreed to sell and ship Deloatch seasonings and spices on credit.  The probation officer recommended that Deloatch's supervised release be revoked.

At the revocation hearing that followed, Deloatch admitted violations (3) and (4), but denied violations (1) and (2).  The district court revoked his supervised release and sentenced him to prison for 24 months followed by supervised release of 24 months.  He appeals the court's decision, arguing that the court erred in finding that he violated the terms of his supervised release by committing the crime of theft by deception in violation of Ga. Code Ann. § 16-8-3.

We review a district court's revocation of supervised release for an abuse of discretion.  *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014).  "A district court's finding of fact made at a revocation hearing is binding unless clearly erroneous."  *United States v. Almand*, 992 F.2d 316, 318 (11th Cir. 1993) (quotation omitted).

A district court may "revoke a term of supervised release . . . if the court . . . finds by a preponderance of the evidence that the defendant violated a condition of supervised release . . . ." 18 U.S.C. § 3583(e)(3).  Where the district court's decision to revoke a defendant's supervised release is adequately supported by one alleged violation, any possible error in the consideration of other allegations is

3

harmless.  *See United States v. Brown*, 656 F.2d 1204, 1207 (5th Cir. 1981).[1]  An

error is harmless if it "had no substantial influence on the outcome and sufficient

evidence uninfected by error supports the decision."  *Rivers v. United States*, 777

F.3d 1306, 1316 (11th Cir.), *cert. denied*, 136 S. Ct. 267 (2015) (alterations

omitted) (quotation omitted); *see also* Fed.R.Crim.P. 52(a) (defining "harmless

error" as "[a]ny error, defect, irregularity, or variance that does not affect

substantial rights").  An error is not harmless if "there is a reasonable likelihood

that [it] affected the defendant's substantial rights."  *Rivers*, 777 F.3d at 1316

(quotation omitted).

The United States Sentencing Guidelines provide three grades of probation

and supervised release violations:  (1) Grade A violations include felony conduct

that constitutes a crime of violence, controlled substance offense, certain firearms

offenses, and any other offense punishable by more than 20 years' imprisonment;

(2) Grade B violations include felony conduct not covered under Grade A; and

(3) Grade C violations include misdemeanor conduct and violations of any other

condition of supervision.  U.S.S.G. § 7B1.1(a).  Where there is more than one

violation, the ultimate grade is determined by the violation having the most serious

grade.  *Id.* § 7B1.1(b).  Upon a finding of a Grade A or B violation, the district

---

[1] Eleventh Circuit precedent includes the decisions of the former U.S. Court of Appeals for the Fifth Circuit handed down prior to October 1, 1981, the effective date of the division of the Fifth Judicial Circuit into the current Fifth Judicial Circuit and the Eleventh Judicial Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

court is required to revoke the defendant's supervised release.  *Id.* § 7B1.3(a)(1).

Upon a finding of a Grade C violation, the court may either revoke the defendant's

supervised release, or extend the term of, or modify the conditions of, supervised

release.  *Id.* § 7B1.3(a)(2).  Section 7B1.4 provides the applicable guideline range

for each grade as it corresponds to the defendant's criminal history category.  *See*

*id.* § 7B1.4.

Under Georgia law, "[a] person commits the offense of theft by deception

when he obtains property by any deceitful means or artful practice with the

intention of depriving the owner of the property." Ga. Code Ann. § 16-8-3(a).  A

person deceives if, *inter alia*, he "creates or confirms another's impression of an

existing fact or past event which is false and which the accused knows or believes

to be false."  *Id.* § 16-8-3(b)(1).  The Georgia Court of Appeals has determined that

"the gravamen of theft by deception lies in obtaining the property of another by

intentionally creating a false impression as to an existing fact or past event," and

that "[c]reating a false impression as to a future event . . . by a promise of future

payment, is not sufficient."  *Ellerbee v. State*, 256 Ga. App. 848, 851 (2002)

(quotation omitted).  It determined that:

> [t]he reason for the rule [regarding existing or past events] is that if
> the party to whom the representations was made chose to rely upon
> the promise as to a future contingency, he is not deceived by deceitful
> means or artful practice, but his loss results from his absolute
> confidence in the party making the promise.

5

*Id.* at 853 (alterations in original) (quotation omitted).  It held that "any promises, reassurances, or representations" made by the defendant that he would make good on his checks, "could not as a matter of law constitute theft by deception" because "[a] promise of future performance cannot serve as the basis of a theft by deception prosecution." *Id.*

The district court's finding that Deloatch committed theft by deception under § 16-8-3, arguably was not supported even by a preponderance of the evidence because the government failed to introduce any evidence to show that Deloatch created a false impression as to any existing fact or past event in obtaining the merchandise from Zenobia.  Nonetheless, the court's error was harmless since its decision to revoke Deloatch's supervised release was premised on three other violations, any one of which could independently serve as a basis to revoke Deloatch's supervised release.  *See Brown*, 656 F.2d at 1207.  Deloatch admitted to committing violations (3) and (4), and the court found that he had committed violation (1), which he does not challenge on appeal.  Thus, despite any error in the court's finding that he had committed the theft by deception, the court had three other violations on which to revoke his supervised release, any one of which could properly serve as a basis for revocation, and one of which actually required the court to do so.

6

Deloatch's argument regarding ambiguity in his sentence is without merit. Violation (1), alone, resulted in a Guidelines sentence range of 21-27 months' imprisonment, and the court sentenced him within the middle of that range. Additionally, the court stated that despite the outcome on violation (2), it would have imposed the same sentence based on violations (1), (3), and (4). Thus, contrary to Deloatch's assertions, there is no indication that his sentence would have been lower, absent a finding that he committed the theft by deception offense. Lastly, although he contends that the court's error in finding that he committed the crime of theft by deception affects his substantial rights because it would "likely" have a bearing on Zenobia's civil case against him, he has not cited any case law or provided any legal support for that contention.

The district court's decision revoking Deloatch's supervise release is

AFFIRMED.