**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4195**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ADRIAN LAMONTE SHANKLE,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, Chief District Judge. (3:11-cr-00367-FDW-1)

Submitted: October 26, 2018                     Decided: November 8, 2018

Before GREGORY, Chief Judge, WILKINSON and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Anthony Martinez, Federal Public Defender, Ann L. Hester, Assistant Federal Public Defender, Caleb H. Newman, Staff Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charlotte, North Carolina, for Appellant. R. Andrew Murray, United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After serving an 87-month sentence following his convictions for distribution of cocaine base and possession of a firearm by a convicted felon, Adrian Lamonte Shankle began service of a 3-year term of supervised release. Before the expiration of that term, Shankle's probation officer filed a petition for revocation of his supervised release, alleging Shankle had violated the conditions of his supervision by: committing violations of North Carolina state law, namely, (1) robbery with a dangerous weapon, (2) conspiracy to commit robbery with a dangerous weapon, (3) first degree kidnapping, (4) felony assault on a handicapped person, (5) assault with a deadly weapon to inflict serious injury, (6) and (7) possession of a firearm by a felon, and (8) possession of a stolen firearm; and otherwise violating the terms of supervision by (9) failing to make required payments on his special assessment obligation; and (10) failing to obtain employment. Following a hearing, the district court found by a preponderance of the evidence that Shankle had committed all 10 violations alleged and revoked his supervised release. The court sentenced Shankle to a 21-month prison term and a 15-month term of supervised release. On appeal, Shankle argues that the district court abused its discretion in revoking his supervised release. We affirm.

We review for abuse of discretion a district court's decision to revoke supervised release. *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015). A district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2012); *Johnson v. United States*, 529 U.S. 694, 700

(2000).  We review for clear error a district court's factual determinations underlying its conclusion that a violation occurred.  *Padgett*, 788 F.3d at 373.

On appeal, Shankle challenges the district court's conclusions that he committed violations (1) through (8), arguing with respect to violations (1) through (6) that the court clearly erred in finding credible the testimony of one of the revocation hearing witnesses and that the court clearly erred in finding he possessed the firearms alleged in violations (7) and (8).[*]  Shankle does not, however, challenge the district court's determinations underlying its revocation decision that he violated the terms of his supervised release by committing violations (9) and (10)—failing to make required payments on his special assessment obligation and failing to obtain employment—or suggest such determinations are insufficient to support the decision to revoke supervised release.  We therefore conclude that the district court did not abuse its discretion in revoking his supervised release.  *See United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014) (affirming revocation of supervised release based on five violations where appellant argued two violations had not been proved but pleaded guilty to two and did not contest the finding that he committed another); *United States v. Brown*, 656 F.2d 1204, 1207 (5th Cir. Unit A Sept. 1981) (per curiam) (holding that where decision to revoke

---

[*] We deem abandoned Shankle's summarily-made contentions that the district court's clearly erroneous factual findings led it to revoke supervised release "when it might not otherwise have done so" and that this court should vacate the revocation sentence because the district court's findings resulted in a higher punishment range under the Sentencing Guidelines.  *See Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 568 n.7 (4th Cir. 2015).

3

supervised release is supported adequately by one alleged violation, a possible error in consideration of other allegations is harmless).

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*