**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 23, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOHN CHARLES BODDY,

    Defendant - Appellant.

No. 19-6113
(D.C. No. 5:15-CR-00148-PRW-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

John Boddy appeals the district court's order revoking his term of supervised

release. For the reasons explained below, we affirm.

**Background**

In 2015, Boddy pleaded guilty to failure to register as a sex offender in

violation of 18 U.S.C. § 2250(a). The district court sentenced Boddy to 19 months in

prison followed by five years of supervised release. After Boddy served his prison

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1;
10th Cir. R. 32.1.

sentence, the district court revoked his supervised release for the first time in September 2018, imposing a nine-month prison sentence. The district court also imposed several new special conditions of supervised release. As relevant here, the district court required: (1) that Boddy "shall not view, purchase, possess, or distribute any form of pornography depicting sexually explicit conduct as defined in 18 U.S.C. [§] 2256(2)," and (2) that "[i]f homeless upon release, [Boddy] shall reside at a residential re-entry center (RRC) for up to 180 days . . . [and, w]hile at such RRC, [he] shall follow all rules and conditions of the facility." Supp. R. 42.

In 2019, shortly after Boddy began his second term of supervised release at the Oklahoma Halfway House (OHH), the government alleged that he violated these two conditions. Specifically, the government alleged that he "possess[ed] . . . pornography depicting sexually explicit conduct" on a smartphone. R. vol. 1, 10. It further alleged that Boddy did not "follow all rules and conditions of the facility" because he possessed a smartphone and a cigarette; was present in a restricted area; and was observed on multiple occasions in an "altered or intoxicated state." *Id.* at 9–10. Although Boddy admitted that videos on the phone met the definition of sexually explicit content, he denied that he knew such images were on the phone. He further denied that he violated OHH's rules.

At the revocation hearing, the district court considered video evidence as well as written reports and testimony from Boddy's probation officer and OHH staff members. Boddy's probation officer testified that at one point, OHH staff searched Boddy and found a smartphone—which OHH rules prohibit—that Boddy was

2

"attempting to hide . . . in his clothing." R. vol. 3, 19. The officer then performed a

forensic examination of the phone and found sexually explicit content on it. In

another incident, a staff member testified that he observed Boddy behaving oddly and

in a manner suggesting that he was intoxicated. A third incident, captured on a

security camera and on a staff member's cell phone, showed Boddy entering a

restricted area of OHH. The probation officer, who reviewed the staff members'

reports and the videos, testified that Boddy appeared "to be under the influence of

a[n] intoxicant, inhalant, [or] some substance" during some of these incidents; the

officer "presum[ed]" the substance to be K2, a type of synthetic cannabis that he said

does not always appear on drug tests. *Id.* at 22. (Subsequent urinalysis tests were

negative.)

The district court concluded that Boddy violated the two conditions as the

government alleged and thus revoked his term of supervised release. *See* 18 U.S.C.

§ 3583(e)(3). It calculated—and Boddy and the government agreed—that the

maximum sentence under the Sentencing Guidelines was 24 months with a

recommended range of seven to 13 months. It sentenced Boddy to 12 months in

prison followed by four years of supervised release. Boddy appeals.

### Analysis

Boddy argues that the district court erred in finding that he violated the

conditions of his supervised release.[1] "We review the district court's decision to

---

[1] Boddy purports to also challenge the substantive reasonableness of his 12-
month sentence. But as the government points out, "[n]owhere in [his] brief does he

3

revoke supervised release for abuse of discretion." *United States v. Jones*, 818 F.3d 1091, 1097 (10th Cir. 2016) (quoting *United States v. LeCompte*, 800 F.3d 1209, 1215 (10th Cir. 2015)). "A district court abuses its discretion when it relies on an incorrect conclusion of law or a clearly erroneous finding of fact." *United States v. Battle*, 706 F.3d 1313, 1317 (10th Cir. 2013). "A finding of fact is clearly erroneous if it is without factual support in the record or if, after reviewing all of the evidence, we are left with the definite and firm conviction that a mistake has been made." *United States v. Hernandez*, 847 F.3d 1257, 1263 (10th Cir. 2017) (quoting *In re Vaughn*, 765 F.3d 1174, 1180 (10th Cir. 2014)). Further, at the revocation hearing, the government bore the burden of proving, by a preponderance of the evidence, that Boddy violated a condition of his supervised release—that is, that Boddy more likely than not violated that condition. *See* § 3583(e)(3); *United States v. Craig*, 808 F.3d 1249, 1257 n.7 (10th Cir. 2015); *United States v. Disney*, 253 F.3d 1211, 1213 (10th Cir. 2001). Thus, we may reverse the district court's decision only if it clearly erred in finding that Boddy more likely than not violated a condition of his supervised release.

On appeal, Boddy first challenges the district court's conclusion that he violated the condition prohibiting him from possessing pornography. In particular, he

---

argue that his 12-month sentence is too long, nor does he cite the [18 U.S.C.] § 3553(a) factors or any other authority addressing the substantive unreasonableness of his sentence." Aplee. Br. 1 n.1. Accordingly, we find that Boddy waived any substantive-unreasonableness argument. *See United States v. Walker*, 918 F.3d 1134, 1151 (10th Cir. 2019) (declining to address inadequately briefed substantive-reasonableness argument).

argues that not enough evidence supported the district court's finding that the content on the smartphone included "the type of depictions that would cause a violation" or that he knowingly possessed them. Aplt. Br. 11. This argument appears to be based on Boddy's erroneous assertion that the condition prohibited only possession of child pornography. But the condition in fact applied to "any form of pornography," not just child pornography. R. vol. 1, 19. And Boddy admitted to the district court that the content met the relevant statutory definition of sexually explicit conduct. The videos were therefore "the type of depictions that would cause a violation." Aplt. Br. 11.

Boddy also contends that that "there is no testimony to show that Boddy did download" this sexually explicit content. *Id.* at 12. Thus, according to Boddy, there was no evidence that he possessed the sexually explicit content on the phone. Possession may be shown by actual or constructive knowledge, which includes "exercis[ing] dominion or control over an object" and "know[ing] the charged images exist." *United States v. Haymond*, 672 F.3d 948, 955 (10th Cir. 2012). And such knowledge may be "inferred from circumstantial evidence." *Id.* at 957 (quoting *United States v. Borg*, 501 F.2d 1341, 1343 (10th Cir. 1974)). Here, the district court considered evidence that Boddy attempted to hide the phone, that Boddy told OHH staff and the probation officer that he used the phone to set up a Facebook account, that the videos were downloaded onto the phone before staff found the phone on Boddy, and that Boddy told the officer that he had viewed other sexual images on the phone (images that the officer believed were not sexually explicit under the statutory definition). Under these circumstances, the district court did not clearly err when it

5

found, by a preponderance of the evidence, that Boddy knowingly possessed the phone and the sexually explicit content on it, in violation of the condition of his supervised release prohibiting his possession of pornography.

We may affirm the district court's decision revoking Boddy's supervised release based solely on this conclusion. *See* § 3583(e)(3) (explaining that district court may revoke supervised release if it "finds . . . that the defendant violated *a* condition of supervised release" (emphasis added)); *United States v. Jereb*, 882 F.3d 1325, 1345 n.13 (10th Cir. 2018) (noting that "we are free to affirm on any ground adequately supported by the record"); *United States v. Deloatch*, 649 F. App'x 857, 859 (11th Cir. 2016) (unpublished) (noting that "district court's decision to revoke a defendant's supervised release is adequately supported by one alleged violation" and "any possible error in the consideration of other allegations is harmless"). But we nevertheless exercise our discretion to briefly address Boddy's remaining argument.

Boddy next argues that the district court erred in finding that he violated the condition of supervised release that required him to follow OHH's rules. In particular, he asserts that even though his behavior may have been "bizarre or inappropriate or difficult, [it] did not rise to the level of revocation," and "[m]any of the allegations were behavioral issues but not actual violations of conditions of supervised release." Aplt. Br. 5, 13. The district court found that Boddy did not follow OHH's rules after the government presented evidence that Boddy, among other things, (1) was intoxicated, (2) entered a restricted area, and (3) had a

6

smartphone.[2] But although Boddy appears to the challenge the finding that he was intoxicated, he does not challenge the government's evidence that he entered a restricted area. And further, as explained above, the government presented sufficient evidence that Boddy possessed a smartphone, which violated OHH rules (even without the sexually explicit content). Accordingly, even if we were to assume that Boddy was not intoxicated during the incidents in question, we would nevertheless affirm the district court's finding that he violated OHH rules by being in a restricted area and possessing a smartphone. Thus, the district did not clearly err in finding, by a preponderance of the evidence, that Boddy violated this condition of his supervised release.

## Conclusion

The district court did not abuse its discretion by finding that Boddy violated the conditions of his supervised release. We affirm.

Entered for the Court

Nancy L. Moritz
Circuit Judge

---

[2] Boddy argues that OHH's prohibition on smartphones effectively "prohibited [him] from having access to the [i]nternet." Aplt. Br. 10; *see also United States v. Blair*, 933 F.3d 1271, 1272 (10th Cir. 2019) (finding condition that "allow[ed] the probation office to completely ban the defendant's use of the [i]nternet" was overly broad). Boddy argues that the condition requiring him to follow OHH's rules, which prohibited the possession of smartphones, operated as a "backdoor" internet-access prohibition. Aplt. Br. 11. But he did not raise this challenge to the facility's rules at the revocation hearing, thus forfeiting it. We can review forfeited arguments for plain error, but we decline to do so here because Boddy does not argue for plain-error review. *See United States v. Kearn*, 863 F.3d 1299, 1313 (10th Cir. 2017).