[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-13702

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DAVID L. JONES, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:12-cr-00020-MW-MAF-1

_____

Before NEWSOM, GRANT, and TJOFLAT, Circuit Judges.

PER CURIAM:

David Jones, Jr. appeals the revocation of his supervised release.  *See* 18 U.S.C. § 3583(e).  On appeal, Jones argues that the District Court abused its discretion in revoking his supervised release based on its findings that he violated the conditions of his supervised release as alleged in Violations 3 and 4 in the probation officer's petition.  He also argues that even if he had committed those violations, he did not do so willfully.

In 2012, Jones was charged with two counts involving cocaine possession and distribution, 21 U.S.C. § 846, in the United States District Court for the Northern District of Florida.  Jones pled guilty pursuant to a plea agreement to Count One, which was for conspiracy to possess with intent to distribute more than five hundred grams of cocaine in violation of 21 U.S.C. § 846.

In August 2012, Jones was adjudicated guilty on Count One and sentenced to 36 months' imprisonment, supervised release for eight years following the term of imprisonment, and a fine.  In August 2015, Jones admitted to five violations of his supervised release, so the conditions of supervised release were modified, and he was confined to home detention for six months.  In March 2018, Jones admitted to seven violations of his supervised release, so the conditions were modified a second time and he was again confined to home detention, this time for two months.  In March

2022, Jones admitted to one violation of his supervised release, so the conditions were modified for a third time, requiring completion of community service hours.

Finally, on October 26, 2022, Jones admitted to one violation of his supervised release and denied four other alleged violations, for which the District Court revoked Jones's supervised release and sentenced him to three months' imprisonment. Specifically, Jones admitted to unlawfully possessing or using a controlled substance in violation of his supervised release (Violation 1). Though he denied the allegations, the District Court also found that Jones failed to follow instructions of the probation officer (Violation 3) and failed to notify the probation officer of any change in residence (Violation 4).

At the revocation hearing, before the Court accepted Jones's admission as to Violation 1 for testing positive for cocaine and marijuana use, the Court informed Jones that for that violation alone, he faced a maximum penalty of two years in prison and a guideline range of five to eleven months' imprisonment. Jones did not object to the Court's findings of fact or the sentence imposed.

We review a district court's revocation of supervised release for an abuse of discretion. *United States v. Cunningham*, 607 F.3d 1264, 1266 (11th Cir. 2010). A court may revoke a defendant's term of supervised release and impose a prison sentence when it finds by a preponderance of the evidence that the defendant violated a condition of his supervised release. *Id.*; 18 U.S.C.

§ 3583(e)(3).   The preponderance of the evidence standard requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence.  *United States v. Almedina*, 686 F.3d 1312, 1315 (11th Cir. 2012).

The district court only needs to find one violation of a supervised release condition to support a revocation.  *See United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014) (determining that a district court did not abuse its discretion in revoking the defendant's supervised release, despite his argument that he did not commit two of the five alleged violations of the terms of his supervised release, because he pled guilty to the other alleged violations).   The district court's decision to revoke a defendant's supervised release is supported adequately by one alleged violation, so a possible error in consideration of other allegations is harmless.  *United States v. Brown*, 656 F.2d 1204, 1207 (5th Cir. Unit A Sept. 1981).

Here, the District Court did not abuse its discretion in revoking Jones's supervised release because he admitted to committing Violation 1, which carried a guideline range term of imprisonment above his three-month sentence.  The District Court only needed to find one violation to support the revocation, so any possible error in consideration of the other allegations was harmless.

**AFFIRMED.**