[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11362

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DOMINGO MARTINEZ GONZALEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:89-cr-00110-WFJ-MAP-1

_____

Before JORDAN, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Domingo Gonzalez appeals the district court's revocation of his supervised release and the resulting sixty-month sentence. The district court did not err in revoking his supervised release. But because it plainly erred by failing to extend to him personally an opportunity to allocute, we must vacate his sentence and remand for resentencing.

**I.**

Three-and-a-half decades ago, Gonzalez was sentenced to just under sixteen years in prison and five years of supervised release, for conspiracy to possess crack cocaine with intent to distribute. After being released from prison, he began supervised release.

Supervision started strong. But old habits returned. Six months in, he tested positive for cocaine. He was ordered to participate in drug treatment. He didn't. After a month or two, he was found in possession of more crack cocaine. He also struggled with other aspects of supervised release, namely in communicating with his probation officer. He didn't submit written monthly reports. He didn't update his probation officer about changes in his residence. He didn't inform the officer about any dealings with law enforcement, like being arrested or questioned.

Things escalated. Gonzalez had a pending drug case in state court for which he failed to appear. He abandoned supervision and was at large. The probation office recommended that his

supervision be revoked and that he be sentenced to the statutory maximum of five years in prison. A warrant for his arrest was issued.

Eighteen years later, the warrant was executed. The district court held a revocation hearing. There were five alleged supervised-release violations. Four of them involved the breakdown in communication between probation and Gonzalez as well as his failure to participate in drug treatment. He pleaded guilty to those four.

The last alleged violation concerned him committing additional drug crimes and then fleeing. He denied that one. After considering the evidence, including affidavits, reports, and testimony, the district court found him guilty of that violation as well. It sentenced him to the statutory maximum of sixty months in prison.

This appeal followed. Gonzalez broadly makes three points. First, he argues that the district court erred in revoking his supervised release because it made numerous errors in the proceedings concerning that last supervised-release violation. Second, he argued that the district court erred in imposing the sentence because it failed to personally extend to him the right to allocute. Third, he says the sentence it imposed is procedurally and substantively unreasonable. The government cedes the second point but opposes the other two.

## II.

We review a district court's revocation of supervised release for an abuse of discretion. *United States v. Frazier*, 26 F.3d 110, 112 (11th Cir. 1994). Because Gonzalez did not clearly object to the court's failure to extend to him his right to allocute, we review that issue for plain error. *See United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014)

## III.

Gonzalez challenges the revocation of his supervised release and the resulting sentence. We will address each in turn.

### A.

Before revoking a defendant's supervised release, a district court needs to find one violation of his supervised-release conditions. *See id.* At that point, any possible error in considering other alleged violations becomes harmless. *United States v. Brown*, 656 F.2d 1204, 1207 (5th Cir. Unit A Sep. 1981).[1] There are different grades of supervised-release violations: a grade-A violation includes any controlled substance offense, and a grade-C violation includes any other violation of the supervised-release conditions. U.S. Sent'g Guidelines Manual § 7B1.1(a)(1)(ii)–(a)(3)(B).

---

[1] We are bound by decisions of the United States Court of Appeals for the Fifth Circuit issued before October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

Gonzalez asserts that the district court erred in revoking his supervised release because it allegedly relied on hearsay evidence to determine that he committed a grade-A violation, without engaging in the required balancing test under *United States v. Frazier*, 26 F.3d 110 (11th Cir. 1994). We need not determine whether that argument has any merit. Gonzalez separately admitted that he committed four grade-C violations. Those violations independently support the revocation of his supervised release. So the district court did not err in revoking his supervised release.

### B.

"Before imposing [a] sentence" a district court must "address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence." Fed. R. Crim. P. 32(i)(4)(A)(ii). This right, called the right of allocution, is ancient; a court's failure to extend that right to the defendant constitutes plain error. *United States v. Carruth*, 528 F.3d 845, 846 (11th Cir. 2008). Even if a defendant's counsel declines on the defendant's behalf, a district court must still ask the defendant personally whether he wishes to allocute. *United States v. Perez*, 661 F.3d 568, 584 (11th Cir. 2011) (citing *Gordon v. United States*, 518 F.3d 1291, 1299 (11th Cir.2008); *United States v. Prouty*, 303 F.3d 1249, 1251 n. 1 (11th Cir.2002)). We have held that when "the defendant was not afforded the opportunity to allocute and the court did not impose the lowest sentence under the guidelines," we presume prejudice and manifest injustice under the plain-error standard and must vacate the sentence. *See Prouty*, 303 F.3d at 1252–53.

The district court here asked Gonzalez's counsel whether Gonzalez wished to allocute. His counsel answered no. The district court accepted his counsel's answer without asking Gonzalez. The district court moved on to impose a sentence within the guidelines, though not the lowest. But the law commands that the defendant also be asked personally whether he wishes to allocute. Failure to do that is plain error. And when a lower guidelines sentence exists, we presume prejudice and manifest injustice. So we must vacate Gonzalez's sentence and remand for resentencing.

But this resentencing need not retread old ground. Gonzalez "is entitled to an opportunity to allocute and have the court resentence him after he says what he wishes to say to the judge," but he is not entitled to relitigate *all* issues related to his sentence at that proceeding. *See United States v. Doyle*, 857 F.3d 1115, 1121 (11th Cir. 2017). Instead, he will be sent back in time to the moment of the district court's error, and "[h]is sentencing hearing will . . . resume with the district court addressing him personally," asking him if he wishes to allocute. *Perez*, 661 F.3d at 586. Then, the district court will impose a new sentence.

Although Gonzalez additionally objects that his sentence was procedurally and substantively unreasonable, because we must vacate the district court's sentence, we will not review it for reasonableness.

## IV.

For the above reasons, the district court's revocation of Gonzalez's supervised release is **AFFIRMED**, but its sentence is **VACATED**. We **REMAND** for resentencing.